

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 02-10-00139-CR**
**NO. 02-10-00140-CR**
**NO. 02-10-00141-CR**

VICTOR T. STEVENS                                         APPELLANT

V.

THE STATE OF TEXAS                                             STATE

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Victor T. Stevens appeals his convictions for fraudulent use or possession of five or more but less than ten items of identifying information, fraudulent use or possession of ten or more but less than fifty items of identifying information, two counts of aggravated robbery with a deadly weapon, and theft of a vehicle valued at $20,000 or more but less than $100,000. In three points,

---

[1]*See* Tex. R. App. P. 47.4.

Stevens argues that the trial court erred by not submitting an accomplice-witness instruction in the jury charge for the aggravated robbery offenses, that legally insufficient evidence exists to sustain his convictions, and that the trial court erred by allowing testimony about Stevens's alleged gang activity. We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

At around 2:00 or 3:00 a.m., three men entered a house rented to three Texas Christian University students and robbed the people inside at gunpoint. Ryan Ross and Albert Rayle were spending the night at the house in addition to the three tenants. One of the robbers put a pistol to the back of Ross's head and forced his face down on the couch. Another robber pointed a gun at Rayle and led him upstairs to the bedrooms. The robbers kept asking the students where "the stash" was. Forrest Goodall, one of the tenants of the house, opened the door to his room and saw a man holding a sawed-off shotgun to the back of Rayle's head. The robbers rummaged through Goodall's room, asking "Where's the stash? Where's the stash?" The three robbers tied up the students and left in Goodall's Ford truck with credit cards and other items from the home.

A few days after the robbery, a Fort Worth police officer saw the stolen Ford truck at a motel in Fort Worth. A person at the motel told the police that the truck was related to room 135 of the motel. Police knocked on the door to room 135, and Monica Reyes answered. She was in the room with her sleeping children. Reyes initially denied knowing anything about the truck, but when police later returned, she told them that Stevens had given her a ride in the truck

2

to get food for her children; she had assumed Stevens owned the truck. She informed the police that her husband was Arturo Gonzalez, a friend of Stevens. Police obtained Reyes's consent to search the room and found a black Nike bag under the bed. The bag contained IDs and credit cards belonging to the TCU students, as well as clothing that Reyes had seen Stevens wearing earlier that day. She told police that she did not know the bag was there. Reyes was initially charged with possession of the stolen credit cards, but the district attorney's office did not take the case; she was never a suspect in the robbery. Police found fingerprints belonging to Stevens on the stolen Ford truck and on a checkbook box that was inside the black Nike bag.

Goodall ultimately identified Stevens from a police photo spread as the robber who had held the sawed-off shotgun during the robbery. Goodall was unable to identify the other two robbers.

In three cause numbers, Stevens was charged with fraudulent use or possession of five or more but less than ten items of identifying information, fraudulent use or possession of ten or more but less than fifty items of identifying information, two counts of organized criminal activity—aggravated robbery, two counts of aggravated robbery with a deadly weapon, and theft of a vehicle valuing $20,000 or more but less than $100,000. The jury acquitted Stevens of both counts of organized criminal activity; convicted him of the remaining counts; and assessed his punishment at thirty-five years' imprisonment for both robbery convictions, fifteen years' imprisonment for the theft conviction and for each

3

fraudulent-use-or-possession conviction, and a $1,500 fine for each conviction. The trial court ordered that the sentences run concurrently.

### III. ACCOMPLICE-WITNESS INSTRUCTION

In his first point, Stevens argues that the trial court erred by refusing to include his requested accomplice-witness jury instruction in the charges for the aggravated robbery offenses. He argues that he was entitled to the instruction because Reyes was in possession of the bag containing stolen items and because she had received a ride in the stolen truck.[2] The State argues that the trial court did not err by refusing to include an accomplice-witness instruction because no evidence showed that Reyes was a party to the aggravated robbery offenses.

Appellate review of error in a jury charge involves a two-step process. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994); *see Sakil v. State*, 287 S.W.3d 23, 25–26 (Tex. Crim. App. 2009). Initially, we must determine whether error occurred. If it did, we must then evaluate whether sufficient harm resulted from the error to require reversal. *Abdnor*, 871 S.W.2d at 731–32.

Under the accomplice-witness rule, a conviction cannot be secured upon an accomplice's testimony unless corroborated by other evidence tending to connect the defendant to the offense. Tex. Code Crim. Proc. Ann. art. 38.14 (West 2005); *Druery v. State*, 225 S.W.3d 491, 498 (Tex. Crim. App.), *cert.*

---

[2]Stevens argues that police saw Reyes in the stolen truck, but this is not supported by the record. Reyes told police, and testified at trial, that Stevens gave her a ride in the truck.

4

*denied*, 552 U.S. 1028 (2007). An accomplice witness is a person who participates in the offense before, during, or after its commission with the requisite mental state and who testifies against another. *Smith v. State*, 332 S.W.3d 425, 439 (Tex. Crim. App. 2011); *see* Tex. Penal Code Ann. § 7.02(a) (West 2011) (the law of parties); Tex. Code Crim. Proc. Ann. art. 38.14 (the accomplice-witness rule). An accomplice must have engaged in an affirmative act that promotes the commission of the offense that the accused committed. *Smith*, 332 S.W.3d at 439. A person is not an accomplice if the person knew about the offense and failed to disclose it or helped the accused conceal it or if the person was merely present at the crime scene. *Id.* And complicity with an accused in the commission of another offense apart from the charged offense does not make that witness an accomplice witness. *Druery*, 225 S.W.3d at 498.

A witness may be an accomplice either as a matter of law or as a matter of fact, and the evidence in each case determines what jury instruction, if any, should be given. *Id.*; *Cocke v. State*, 201 S.W.3d 744, 747 (Tex. Crim. App. 2006), *cert. denied*, 549 U.S. 1287 (2007). If the evidence is clear that the witness is an accomplice as a matter of law, that is, the witness has been, or could have been, indicted for the same or lesser-included offense, then the trial court must instruct the jury on the law of accomplice-witness testimony. *Cooke*, 201 S.W.3d at 747–48. If there is conflicting evidence about whether a witness is an accomplice, the court should submit the question to the jury inquiring whether the jury finds that the witness is an accomplice as a matter of fact. *Id.* at 748. If

5

there is no evidence that a witness is an accomplice, the trial court is not obligated to provide an accomplice-witness instruction. *Id.*

In this case, the evidence shows that three men participated in the robbery; no evidence suggests that a woman went to the house or was with the robbers on the night of the robbery. Several days after the robbery, Reyes received a ride from Stevens in the stolen truck, but she assumed that the truck belonged to him. Although a bag containing the students' stolen IDs and credit cards was found under a bed in the motel room rented to Reyes, she told police that she did not know it was there. Even if evidence existed that Reyes knew the truck was stolen or knew the bag was under the bed, no evidence shows that, acting with the required culpable mental state, she actively participated in the robbery before, during, or after its commission or that she acted in a manner to promote the robbery. *See, e.g.*, *Druery*, 225 S.W.3d at 500 ("[M]erely assisting after the fact in the disposal of a body does not transform a witness into an accomplice witness in a prosecution for murder.") (citing *Paredes v. State*, 129 S.W.3d 530, 536 (Tex. Crim. App. 2004)); *Roden v. State*, 338 S.W.3d 626, 630 (Tex. App.—Fort Worth 2011, pet. ref'd) (holding that accomplice-witness instruction not required when evidence showed that witness dragged one robber away from house and was inside appellant's house with stolen property but also showed that witness did not enter burglarized house and steal property). Consequently, we hold that the trial court did not err by refusing to include an accomplice-witness instruction in the jury charges for the aggravated robbery

6

offenses.  We overrule Stevens's first point.

## IV. LEGAL SUFFICIENCY

In his second point, Stevens argues that legally insufficient evidence exists to support his five convictions for fraudulent use or possession of five or more but less than ten items of identifying information, fraudulent use or possession of ten or more but less than fifty items of identifying information, two counts of aggravated robbery with a deadly weapon, and theft of a vehicle valued at $20,000 or more but less than $100,000.  The State's sole response is that Stevens's point is inadequately briefed.

In order to present issues to this court for review, an appellant's brief must contain clear and concise arguments for the contentions made, with appropriate citations to authorities and to the record.  Tex. R. App. P. 38.1(i).  If a party does not refer the appellate court to the pages in the record where the error allegedly occurred, the appellate court may properly overrule the point as inadequately briefed.  *Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App.) (stating that the court "has no obligation to construct and compose appellant's issues, facts, and arguments 'with appropriate citations to authorities and to the record'"), *cert. denied*, 129 S. Ct. 625 (2008).

In his brief, Stevens provides the applicable standard of review and argues, without citation to the record, that the State "did not meet its burden of proof, proof beyond a reasonable doubt, in that it failed to prove that [Stevens] committed the offense[s] as is set out in the indictments."  Stevens does not set

7

forth the elements of the offenses for the five convictions that he challenges for legal sufficiency, and he does not provide any argument, record references, or substantive analysis as to how the evidence is insufficient to support any of the elements of those offenses. Given these circumstances, given that there are five convictions for four different offenses that involve different elements, given that the State relies only on inadequate briefing in its response without analyzing the evidence as to any of the five convictions, and given the large record, we are constrained to agree with the State that Stevens's legal sufficiency challenge to these five convictions is inadequate. We conclude that his inadequate briefing presents nothing for review, and we overrule his second point. *See* Tex. R. App. P. 38.1(i); *McDuff v. State*, 939 S.W.2d 607, 613 (Tex. Crim. App.) (holding that merely stating standard of review for determining sufficiency of evidence constitutes inadequate briefing and presents nothing for appellate review), *cert. denied*, 522 U.S. 844 (1997).

## V. Evidence of Gang Membership

In his third point, Stevens argues that the trial court erred by allowing testimony of his alleged gang membership. Although he does not specifically point to the testimony forming the basis of his complaints and does not explain how the testimony was inadmissible, he provides a record citation corresponding to the testimony of Tarrant County Sheriff's Deputy Richard Almendarez. The State argues that Stevens waived his complaint and that, alternatively, any error was harmless.

8

Deputy Almendarez testified that he received, by email, a photograph of graffiti that Stevens had drawn on the wall of his jail cell. Deputy Almendarez testified that he decided to interview Stevens because the graffiti appeared to be gang-related. When the State asked Deputy Almendarez about his training and experience "with regard to spotting the signs of gang activity," defense counsel objected that the deputy had not been qualified as a gang expert. The trial court overruled the objection, stating that it "would like to hear about his qualifications." Deputy Almendarez explained that he has been responsible for "gang intelligence" within the Tarrant County jail since 1996, that he takes a training class in gang activity at least once a year, and that he has testified in the area of gang tattoos and gang affiliation on "[m]any" occasions. Deputy Almendarez then testified that Stevens had denied any gang affiliation during his interview and that it is important to know when inmates are affiliated with a gang "to maintain the safety and security of the jail facility."

A party may challenge expert testimony on at least three specific grounds: (1) qualification, (2) reliability, and (3) relevance. *See Vela v. State*, 209 S.W.3d 128, 131 (Tex. Crim. App. 2006). The three requirements raise distinct questions and issues, and an objection based on one of these requirements does not preserve error as to another. *Turner v. State*, 252 S.W.3d 571, 584 n.5 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd) (holding that an objection based on the expert's qualifications did not preserve the reliability issue), *cert. denied*, 129 S. Ct. 1325 (2009); *see* Tex. R. App. P. 33.1(a).

9

Here, even assuming that Stevens's complaint on appeal is adequately briefed,[3] his complaint does not comport with his objection at trial. At trial, Stevens objected to Deputy Almendarez's qualifications as a gang expert, but on appeal, Stevens appears to complain that the deputy's testimony was not relevant—"the testimony did not assist the trier of fact." Accordingly, Stevens's third point was not preserved. *See Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) ("Whether a party's particular complaint is preserved depends on whether the complaint on appeal comports with the complaint made at trial."); *Turner*, 252 S.W.3d at 584 n.5. We overrule Stevens's third point.

## VI. CONCLUSION

Having overruled Stevens's three points, we affirm the trial court's judgment.

PER CURIAM

PANEL: WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 27, 2011

---

[3]Other than generally asserting that the trial court erred by allowing testimony of his alleged gang membership, Stevens's brief contains only the law applicable to expert witness qualifications and a conclusory statement that "[t]here was no evidence that this alleged robbery was gang related and the testimony did not assist the trier of fact."