02-10-139&140&141-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00139-CR

NO. 02-10-00140-CR

NO. 02-10-00141-CR

 

 


 
 
 Victor T. Stevens
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 371st
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I.  Introduction

          Appellant
Victor T. Stevens appeals his convictions for fraudulent use or possession of
five or more but less than ten items of identifying information, fraudulent use
or possession of ten or more but less than fifty items of identifying
information, two counts of aggravated robbery with a deadly weapon, and theft
of a vehicle valued at $20,000 or more but less than $100,000.  In three points,
Stevens argues that the trial court erred by not submitting an accomplice-witness
instruction in the jury charge for the aggravated robbery offenses, that
legally insufficient evidence exists to sustain his convictions, and that the
trial court erred by allowing testimony about Stevens’s alleged gang activity. 
We will affirm.

II.  Factual and Procedural Background

          At
around 2:00 or 3:00 a.m., three men entered a house rented to three Texas
Christian University students and robbed the people inside at gunpoint. Ryan
Ross and Albert Rayle were spending the night at the house in addition to the
three tenants.  One of the robbers put a pistol to the back of Ross’s head and
forced his face down on the couch.  Another robber pointed a gun at Rayle and
led him upstairs to the bedrooms.  The robbers kept asking the students where “the
stash” was.  Forrest Goodall, one of the tenants of the house, opened the door
to his room and saw a man holding a sawed-off shotgun to the back of Rayle’s
head.  The robbers rummaged through Goodall’s room, asking “Where’s the stash? 
Where’s the stash?”  The three robbers tied up the students and left in Goodall’s
Ford truck with credit cards and other items from the home.

          A
few days after the robbery, a Fort Worth police officer saw the stolen Ford truck
at a motel in Fort Worth.  A person at the motel told the police that the truck
was related to room 135 of the motel.  Police knocked on the door to room 135,
and Monica Reyes answered.  She was in the room with her sleeping children.  Reyes
initially denied knowing anything about the truck, but when police later
returned, she told them that Stevens had given her a ride in the truck to get
food for her children; she had assumed Stevens owned the truck.  She informed
the police that her husband was Arturo Gonzalez, a friend of Stevens.  Police obtained
Reyes’s consent to search the room and found a black Nike bag under the bed.  The
bag contained IDs and credit cards belonging to the TCU students, as well as
clothing that Reyes had seen Stevens wearing earlier that day.  She told police
that she did not know the bag was there.  Reyes was initially charged with
possession of the stolen credit cards, but the district attorney’s office did
not take the case; she was never a suspect in the robbery.  Police found
fingerprints belonging to Stevens on the stolen Ford truck and on a checkbook
box that was inside the black Nike bag.

          Goodall
ultimately identified Stevens from a police photo spread as the robber who had
held the sawed-off shotgun during the robbery.  Goodall was unable to identify
the other two robbers.

In
three cause numbers, Stevens was charged with fraudulent use or possession of
five or more but less than ten items of identifying information, fraudulent use
or possession of ten or more but less than fifty items of identifying
information, two counts of organized criminal activity—aggravated robbery, two
counts of aggravated robbery with a deadly weapon, and theft of a vehicle
valuing $20,000 or more but less than $100,000.  The jury acquitted Stevens of
both counts of organized criminal activity; convicted him of the remaining
counts; and assessed his punishment at thirty-five years’ imprisonment for both
robbery convictions, fifteen years’ imprisonment for the theft conviction and
for each fraudulent-use-or-possession conviction, and a $1,500 fine for each
conviction. The trial court ordered that the sentences run concurrently.

III.  Accomplice-Witness Instruction

          In
his first point, Stevens argues that the trial court erred by refusing to
include his requested accomplice-witness jury instruction in the charges for the
aggravated robbery offenses.  He argues that he was entitled to the instruction
because Reyes was in possession of the bag containing stolen items and because
she had received a ride in the stolen truck.[2]  The State
argues that the trial court did not err by refusing to include an accomplice-witness
instruction because no evidence showed that Reyes was a party to the aggravated
robbery offenses.

Appellate
review of error in a jury charge involves a two-step process. Abdnor v.
State, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994); see Sakil v. State,
287 S.W.3d 23, 25–26 (Tex. Crim. App. 2009).  Initially, we must determine
whether error occurred.  If it did, we must then evaluate whether sufficient
harm resulted from the error to require reversal.  Abdnor, 871 S.W.2d at
731–32.

Under
the accomplice-witness rule, a conviction cannot be secured upon an accomplice’s
testimony unless corroborated by other evidence tending to connect the
defendant to the offense.  Tex. Code Crim. Proc. Ann. art. 38.14 (West 2005); Druery
v. State, 225 S.W.3d 491, 498 (Tex. Crim. App.), cert. denied, 552
U.S. 1028 (2007).  An accomplice witness is a person who participates in the
offense before, during, or after its commission with the requisite mental state
and who testifies against another.  Smith v. State, 332 S.W.3d 425, 439
(Tex. Crim. App. 2011); see Tex. Penal Code Ann. § 7.02(a) (West 2011)
(the law of parties); Tex. Code Crim. Proc. Ann. art. 38.14 (the
accomplice-witness rule).  An accomplice must have engaged in an affirmative
act that promotes the commission of the offense that the accused committed.  Smith,
332 S.W.3d at 439.  A person is not an accomplice if the person knew about the
offense and failed to disclose it or helped the accused conceal it or if the
person was merely present at the crime scene.  Id.  And complicity with
an accused in the commission of another offense apart from the charged offense
does not make that witness an accomplice witness.  Druery, 225 S.W.3d at
498.

A
witness may be an accomplice either as a matter of law or as a matter of fact,
and the evidence in each case determines what jury instruction, if any, should
be given.  Id.; Cocke v. State, 201 S.W.3d 744, 747 (Tex. Crim. App.
2006), cert. denied, 549 U.S. 1287 (2007).  If the evidence is clear
that the witness is an accomplice as a matter of law, that is, the witness has
been, or could have been, indicted for the same or lesser-included offense, then
the trial court must instruct the jury on the law of accomplice-witness
testimony.  Cooke, 201 S.W.3d at 747–48.  If there is conflicting
evidence about whether a witness is an accomplice, the court should submit the
question to the jury inquiring whether the jury finds that the witness is an
accomplice as a matter of fact.  Id. at 748.  If there is no evidence
that a witness is an accomplice, the trial court is not obligated to provide an
accomplice-witness instruction.  Id.

In
this case, the evidence shows that three men participated in the robbery; no
evidence suggests that a woman went to the house or was with the robbers on the
night of the robbery.  Several days after the robbery, Reyes received a ride
from Stevens in the stolen truck, but she assumed that the truck belonged to him. 
Although a bag containing the students’ stolen IDs and credit cards was found
under a bed in the motel room rented to Reyes, she told police that she did not
know it was there.  Even if evidence existed that Reyes knew the truck was
stolen or knew the bag was under the bed, no evidence shows that, acting with
the required culpable mental state, she actively participated in the robbery before,
during, or after its commission or that she acted in a manner to promote the robbery. 
See, e.g., Druery, 225 S.W.3d at 500 (“[M]erely assisting after
the fact in the disposal of a body does not transform a witness into an
accomplice witness in a prosecution for murder.”) (citing Paredes v. State,
129 S.W.3d 530, 536 (Tex. Crim. App. 2004)); Roden v. State, 338 S.W.3d
626, 630 (Tex. App.—Fort Worth 2011, pet. ref’d) (holding that
accomplice-witness instruction not required when evidence showed that witness
dragged one robber away from house and was inside appellant’s house with stolen
property but also showed that witness did not enter burglarized house and steal
property).  Consequently, we hold that the trial court did not err by refusing
to include an accomplice-witness instruction in the jury charges for the
aggravated robbery offenses.  We overrule Stevens’s first point.

IV.  Legal
Sufficiency

          In
his second point, Stevens argues that legally insufficient evidence exists to support
his five convictions for fraudulent use or possession of five or more but less
than ten items of identifying information, fraudulent use or possession of ten
or more but less than fifty items of identifying information, two counts of aggravated
robbery with a deadly weapon, and theft of a vehicle valued at $20,000 or more
but less than $100,000.  The State’s sole response is that Stevens’s point is
inadequately briefed.  

          In
order to present issues to this court for review, an appellant’s brief must
contain clear and concise arguments for the contentions made, with appropriate
citations to authorities and to the record.  Tex. R. App. P. 38.1(i).  If a
party does not refer the appellate court to the pages in the record where the
error allegedly occurred, the appellate court may properly overrule the point
as inadequately briefed.  Busby v. State, 253 S.W.3d 661, 673 (Tex.
Crim. App.) (stating that the court “has no obligation to construct and compose
appellant’s issues, facts, and arguments ‘with appropriate citations to
authorities and to the record’”), cert. denied, 129 S. Ct. 625 (2008).

In
his brief, Stevens provides the applicable standard of review and argues,
without citation to the record, that the State “did not meet its burden of
proof, proof beyond a reasonable doubt, in that it failed to prove that
[Stevens] committed the offense[s] as is set out in the indictments.”  Stevens does
not set forth the elements of the offenses for the five convictions that he
challenges for legal sufficiency, and he does not provide any argument, record
references, or substantive analysis as
to how the evidence is insufficient to support any of the elements of those
offenses.  Given these circumstances, given that there are five convictions for
four different offenses that involve different elements, given that the State
relies only on inadequate briefing in its response without analyzing the
evidence as to any of the five convictions, and given the large record, we are
constrained to agree with the State that Stevens’s legal sufficiency challenge
to these five convictions is inadequate.  We conclude that his inadequate
briefing presents nothing for review, and we overrule his second point.  See
Tex. R. App. P. 38.1(i); McDuff v. State, 939 S.W.2d 607, 613 (Tex. Crim.
App.) (holding that merely stating standard of review for determining
sufficiency of evidence constitutes inadequate briefing and presents nothing
for appellate review), cert. denied, 522 U.S. 844 (1997).

V.  Evidence
of Gang Membership

          In
his third point, Stevens argues that the trial court erred by allowing
testimony of his alleged gang membership.  Although he does not specifically point
to the testimony forming the basis of his complaints and does not explain how
the testimony was inadmissible, he provides a record citation corresponding to
the testimony of Tarrant County Sheriff’s Deputy Richard Almendarez.  The State
argues that Stevens waived his complaint and that, alternatively, any error was
harmless.

          Deputy
Almendarez testified that he received, by email, a photograph of graffiti that
Stevens had drawn on the wall of his jail cell.  Deputy Almendarez testified
that he decided to interview Stevens because the graffiti appeared to be
gang-related.  When the State asked Deputy Almendarez about his training and
experience “with regard to spotting the signs of gang activity,” defense
counsel objected that the deputy had not been qualified as a gang expert.  The
trial court overruled the objection, stating that it “would like to hear about
his qualifications.”  Deputy Almendarez explained that he has been responsible
for “gang intelligence” within the Tarrant County jail since 1996, that he
takes a training class in gang activity at least once a year, and that he has
testified in the area of gang tattoos and gang affiliation on “[m]any”
occasions.  Deputy Almendarez then testified that Stevens had denied any gang
affiliation during his interview and that it is important to know when inmates
are affiliated with a gang “to maintain the safety and security of the jail
facility.”

A
party may challenge expert testimony on at least three specific grounds: (1)
qualification, (2) reliability, and (3) relevance.  See Vela v. State, 209
S.W.3d 128, 131 (Tex. Crim. App. 2006).  The three requirements raise distinct
questions and issues, and an objection based on one of these requirements does
not preserve error as to another.  Turner v. State, 252 S.W.3d 571, 584
n.5 (Tex. App.—Houston [14th Dist.] 2008, pet. ref’d) (holding that an
objection based on the expert’s qualifications did not preserve the reliability
issue), cert. denied, 129 S. Ct. 1325 (2009); see Tex. R. App. P.
33.1(a).

Here,
even assuming that Stevens’s complaint on appeal is adequately briefed,[3]
his complaint does not comport with his objection at trial.  At trial, Stevens
objected to Deputy Almendarez’s qualifications as a gang expert, but on appeal,
Stevens appears to complain that the deputy’s testimony was not relevant—“the
testimony did not assist the trier of fact.”  Accordingly, Stevens’s third
point was not preserved.  See Pena v. State,
285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (“Whether a party’s particular
complaint is preserved depends on whether the complaint on appeal comports with
the complaint made at trial.”); Turner,
252 S.W.3d at 584 n.5.  We overrule Stevens’s third point.

VI.  Conclusion

Having
overruled Stevens’s three points, we affirm the trial court’s judgment.

 

PER CURIAM

 

PANEL: 
WALKER, MEIER, and GABRIEL, JJ.  

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  October 27, 2011










[1]See Tex. R. App. P. 47.4.





[2]Stevens argues that police
saw Reyes in the stolen truck, but this is not supported by the record.  Reyes
told police, and testified at trial, that Stevens gave her a ride in the truck.





[3]Other than generally
asserting that the trial court erred by allowing testimony of his alleged gang
membership, Stevens’s brief contains only the law applicable to expert witness
qualifications and a conclusory statement that “[t]here was no evidence that
this alleged robbery was gang related and the testimony did not assist the
trier of fact.”