**Opinion filed July 26, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00207-CR
_____

## DICK REYES VASQUEZ, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 9032-D**

## M E M O R A N D U M   O P I N I O N

The jury convicted Dick Reyes Vasquez of the offense of burglary of a habitation. After finding an enhancement paragraph true, the trial court assessed punishment at eleven years confinement in the Institutional Division of the Texas Department of Criminal Justice. *See* TEX. PENAL CODE ANN. § 30.02(c)(2) (West 2011). We affirm.

Harold Edward Word returned home one night to find that it had been burglarized. His television was one of the items that was missing. That night, he called his daughter, Jessica Word, and the police about the burglary. The next day, at an apartment complex in another part

of town, Jessica noticed appellant carrying what she thought looked like her father's television upstairs to an apartment. Jessica confronted appellant, whom she recognized as having previously worked for her father, about the burglary, but he denied having any knowledge of it. Jessica then contacted her father and the police. When police arrived at the apartment, the occupant allowed them to enter and eventually directed them to a room where the television was stored. The police matched the television with the description of the missing television and its serial number and seized it. At trial, Monica Delacruz identified appellant as one of the individuals who broke into Harold's home and stole the television and other items.

Appellant argues in a single issue on appeal that Delacruz was an accomplice witness as a matter of law and that the trial court erred when it failed to give an accomplice witness instruction concerning her testimony in the jury charge. First, we must determine whether there was error in the charge. Second, if there was error, we must decide whether sufficient harm resulted from the error to warrant a reversal. *See Posey v. State*, 966 S.W.2d 57, 60 (Tex. Crim. App. 1998). Appellant did not request an accomplice witness instruction or object to its omission from the jury charge. Consequently, any error in the omission of the instruction must be egregious in order to constitute reversible error under *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). Under the egregious harm standard, the omission of an accomplice witness instruction is generally harmless unless the corroborating, non-accomplice evidence is "so unconvincing in fact as to render the State's overall case for conviction clearly and significantly less persuasive." *Herron v. State*, 86 S.W.3d 621, 632 (Tex. Crim. App. 2002) (quoting *Saunders v. State*, 817 S.W.2d 688, 692 (Tex. Crim. App. 1991)).

Texas statutorily requires that, for a conviction to be based upon an accomplice witness's testimony, that testimony must be corroborated by independent evidence tending to connect the accused with the crime. TEX. CODE CRIM. PROC. ANN. art. 38.14 (West 2005). A person is an accomplice if he participates with a defendant in the commission of a crime by doing some affirmative act, with the requisite culpable mental state, that promotes the commission of that offense. *Cocke v. State*, 201 S.W.3d 744, 748 (Tex. Crim. App. 2006); *Paredes v. State*, 129 S.W.3d 530, 536 (Tex. Crim. App. 2004). There must be evidence that is sufficient to connect the alleged accomplice to the criminal offense as a "blameworthy participant." *Cocke*, 201 S.W.3d at 748; *Blake v. State*, 971 S.W.2d 451, 455 (Tex. Crim. App. 1998). If the witness cannot be prosecuted for the offense with which the defendant is charged, or a lesser included

offense of that charge, the witness is not an accomplice witness as a matter of law. *Druery v. State*, 225 S.W.3d 491, 498 (Tex. Crim. App. 2007); *Paredes*, 129 S.W.3d at 536.

At trial, Delacruz testified that the evening the burglary occurred, she drove in her pickup to her brother's apartment, at his request. After arriving at the apartment, which was in the same apartment complex where police later found Harold's television, her uncle, appellant, explained to her that he and his girlfriend were fighting and breaking up and asked her if she could give him a ride to his girlfriend's house to pick up some of his things. Although Delacruz had never been to the girlfriend's house, she agreed and drove appellant and her brother to a home, which she later learned belong to Harold. After arriving at the front of the house, appellant instructed Delacruz to drive through the alley around to the back of the house. She complied, and once she parked the pickup behind the house as appellant had instructed, appellant and Delacruz's brother made numerous trips between the house and the pickup to load various items, including the television, into the back of her pickup. After the items were loaded, Delacruz drove them back to her brother's apartment, where everything was unloaded. She testified that, at no time during these events, did she suspect that anything was wrong or that the items were being stolen. The next night, Delacruz's brother told her that the items had been stolen and that she should call the police. The following day, Delacruz called the police and gave them a statement in which she described the events of the night of the burglary and the items that were taken.

Based on the evidence, Delacruz could not have been prosecuted for the same offense as appellant or for a lesser included offense. *See Paredes*, 129 S.W.3d at 536; *Blake*, 971 S.W.2d at 454–55. Although Delacruz drove appellant to the house that he burglarized and took him and the stolen items away from the house, there is no evidence—conflicting or otherwise—that Delacruz acted with the required culpable mental state under which she could be prosecuted. *See Paredes*, 129 S.W.3d at 536. The only evidence concerning Delacruz's mental state reflects that she was unaware that she was doing anything other than helping a family member to retrieve some of his own property from his girlfriend's house. As there exists no doubt and no evidence that clearly shows that Delacruz is an accomplice as a matter of law, the trial court had no duty to instruct the jury that Delacruz was an accomplice witness. *See Druery*, 225 S.W.3d at 498; *Paredes*, 129 S.W.3d at 536. Because Delacruz was not an accomplice witness as a matter of law, the trial court did not err when it did not give an accomplice witness instruction in the jury charge. Appellant's issue is overruled.

The judgment of the trial court is affirmed.


JIM R. WRIGHT

CHIEF JUSTICE


July 26, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.