Opinion filed July 26, 2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00207-CR

                                                    __________

 

                               DICK
REYES VASQUEZ, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 350th District Court

 

                                                            Taylor
County, Texas

 

                                                    Trial
Court Cause No. 9032-D

 



 

M E M O R A N D U M   O P I N I O N

 

             The
jury convicted Dick Reyes Vasquez of the offense of burglary of a habitation.  After
finding an enhancement paragraph true, the trial court assessed punishment at
eleven years confinement in the Institutional Division of the Texas Department
of Criminal Justice.  See Tex.
Penal Code Ann. § 30.02(c)(2) (West 2011).  We affirm.

            Harold
Edward Word returned home one night to find that it had been burglarized.  His
television was one of the items that was missing.  That night, he called his
daughter, Jessica Word, and the police about the burglary.  The next day, at an
apartment complex in another part of town, Jessica noticed appellant carrying
what she thought looked like her father’s television upstairs to an apartment. 
Jessica confronted appellant, whom she recognized as having previously worked for
her father, about the burglary, but he denied having any knowledge of it.   Jessica
then contacted her father and the police.  When police arrived at the
apartment, the occupant allowed them to enter and eventually directed them to a
room where the television was stored.  The police matched the television with
the description of the missing television and its serial number and seized it. 
At trial, Monica Delacruz identified appellant as one of the individuals who
broke into Harold’s home and stole the television and other items.

            Appellant
argues in a single issue on appeal that Delacruz was an accomplice witness as a
matter of law and that the trial court erred when it failed to give an
accomplice witness instruction concerning her testimony in the jury charge.  First,
we must determine whether there was error in the charge.  Second, if there was
error, we must decide whether sufficient harm resulted from the error to
warrant a reversal.  See Posey v. State, 966 S.W.2d 57, 60 (Tex. Crim. App.
1998).  Appellant did not request an accomplice witness instruction or object
to its omission from the jury charge.  Consequently, any error in the omission
of the instruction must be egregious in order to constitute reversible error
under Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985).  Under
the egregious harm standard, the omission of an accomplice witness instruction
is generally harmless unless the corroborating, non-accomplice evidence is “so
unconvincing in fact as to render the State’s overall case for conviction
clearly and significantly less persuasive.”  Herron v. State, 86 S.W.3d 621,
632 (Tex. Crim. App. 2002) (quoting Saunders v. State, 817 S.W.2d 688,
692 (Tex. Crim. App. 1991)).

            Texas
statutorily requires that, for a conviction to be based upon an accomplice
witness’s testimony, that testimony must be corroborated by independent
evidence tending to connect the accused with the crime.  Tex. Code Crim. Proc. Ann. art. 38.14 (West
2005).  A person is an accomplice if he participates with a defendant in the
commission of a crime by doing some affirmative act, with the requisite culpable
mental state, that promotes the commission of that offense.  Cocke v. State,
201 S.W.3d 744, 748 (Tex. Crim. App. 2006); Paredes v. State, 129 S.W.3d
530, 536 (Tex. Crim. App. 2004).  There must be evidence that is sufficient to
connect the alleged accomplice to the criminal offense as a “blameworthy
participant.”  Cocke, 201 S.W.3d at 748; Blake v. State, 971
S.W.2d 451, 455 (Tex. Crim. App. 1998).  If the witness cannot be prosecuted for
the offense with which the defendant is charged, or a lesser included offense
of that charge, the witness is not an accomplice witness as a matter of law.  Druery
v. State, 225 S.W.3d 491, 498 (Tex. Crim. App. 2007); Paredes, 129
S.W.3d at 536.

            At
trial, Delacruz testified that the evening the burglary occurred, she drove in
her pickup to her brother’s apartment, at his request.  After arriving at the
apartment, which was in the same apartment complex where police later found
Harold’s television, her uncle, appellant, explained to her that he and his
girlfriend were fighting and breaking up and asked her if she could give him a
ride to his girlfriend’s house to pick up some of his things.  Although
Delacruz had never been to the girlfriend’s house, she agreed and drove
appellant and her brother to a home, which she later learned belong to Harold. 
After arriving at the front of the house, appellant instructed Delacruz to
drive through the alley around to the back of the house.  She complied, and
once she parked the pickup behind the house as appellant had instructed,
appellant and Delacruz’s brother made numerous trips between the house and the pickup
to load various items, including the television, into the back of her pickup. 
After the items were loaded, Delacruz drove them back to her brother’s
apartment, where everything was unloaded.  She testified that, at no time
during these events, did she suspect that anything was wrong or that the items
were being stolen.  The next night, Delacruz’s brother told her that the items
had been stolen and that she should call the police.  The following day,
Delacruz called the police and gave them a statement in which she described the
events of the night of the burglary and the items that were taken.

            Based
on the evidence, Delacruz could not have been prosecuted for the same offense as
appellant or for a lesser included offense.  See Paredes, 129 S.W.3d at
536; Blake, 971 S.W.2d at 454–55.  Although Delacruz drove appellant to
the house that he burglarized and took him and the stolen items away from the
house, there is no evidence—conflicting or otherwise—that Delacruz acted with the
required culpable mental state under which she could be prosecuted.  See
Paredes, 129 S.W.3d at 536.  The only evidence concerning Delacruz’s mental
state reflects that she was unaware that she was doing anything other than
helping a family member to retrieve some of his own property from his
girlfriend’s house.  As there exists no doubt and no evidence that clearly
shows that Delacruz is an accomplice as a matter of law, the trial court had no
duty to instruct the jury that Delacruz was an accomplice witness.  See Druery,
225 S.W.3d at 498; Paredes, 129 S.W.3d at 536.            Because
Delacruz was not an accomplice witness as a matter of law, the trial court did
not err when it did not give an accomplice witness instruction in the jury
charge.  Appellant’s issue is overruled.  

            The
judgment of the trial court is affirmed.

 

            

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

July 26, 2012

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.