

IN THE
TENTH COURT OF APPEALS

No. 10-12-00067-CR

CODY RAY WALTERS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 12th District Court
Walker County, Texas
Trial Court No. 24,998

MEMORANDUM OPINION

Cody Ray Walters was convicted of murder and sentenced to 35 years in prison. TEX. PENAL CODE ANN. § 19.02 (West 2011). Because the trial court did not err in refusing to instruct the jury to determine whether three witnesses were accomplice witnesses as a matter of fact, the trial court's judgment is affirmed.

BACKGROUND

Walters and six of his friends went to a bar in Huntsville. When they left, they noticed a man standing near the pickup in which they had arrived at the bar. Walters

recognized the man, John Wayne McCrary. Eventually, Walters broke a neighboring car window with a trailer hitch and McCrary reached in the car and retrieved several purses. McCrary then ran away. Walters pursued him. After a conversation with McCrary, Walters returned to the pickup. He then returned to McCrary's location where McCrary challenged Walters to fight. As Walters turned to leave, McCrary advanced. Walters turned around and stabbed McCrary four times. McCrary later died from his injuries.

**ACCOMPLICE INSTRUCTION**

In three issues, Walters complains that the trial court erred in refusing to instruct the jury to determine whether three of Walters's friends who were with Walters that night, Kyle Parish, Bradley Phillips, and Jamaica Gamboa, were accomplice witnesses as a matter of fact.

An accomplice is a person who participates in the offense before, during, or after its commission with the requisite mental state. *Smith v. State*, 332 S.W.3d 425, 439 (Tex. Crim. App. 2011); *Druery v. State*, 225 S.W.3d 491, 498 (Tex. Crim. App. 2007). Presence at the crime scene does not make a person an accomplice; an accomplice must have engaged in an affirmative act that promotes the commission of the offense that the accused committed. *Smith*, 332 S.W.3d at 439; *Kunkle v. State*, 771 S.W.2d 435, 439 (Tex. Crim. App. 1986)). A person is not an accomplice even if the person knew about the offense and failed to disclose it or helped the accused conceal it. *Smith*, 332 S.W.3d at

439; *Gamez v. State*, 737 S.W.2d 315, 322 (Tex. Crim. App. 1987). A State's witness may be an accomplice as a matter of fact, and the evidence in each case will dictate whether an accomplice as a matter of fact instruction is required. *Cocke v. State*, 201 S.W.3d 744, 747 (Tex. Crim. App. 2006); *Blake v. State*, 971 S.W.2d 451, 455 (Tex. Crim. App. 1998).

When there is doubt as to whether a witness is an accomplice (*i.e.*, the evidence is conflicting), the trial judge may instruct the jury to determine a witness's status as a fact issue. *Smith*, 332 S.W.3d at 439-440; *Druery*, 225 S.W.3d at 498-499. But, when the evidence clearly shows that a witness is not an accomplice, the trial judge is not obliged to instruct the jury on the accomplice witness rule—as a matter of law *or* fact. *Smith*, 332 S.W.3d at 440; *Gamez*, 737 S.W.2d at 322.

### Kyle Parrish

Kyle Parrish was with Walters when Walters stabbed McCrary, followed him when Walters ran off after the stabbing, and was with Walters when Walters disposed of the knife the next day. He failed to report the incident for two years. There is no evidence in the record, however, that Parrish engaged in any *affirmative* act that promoted McCrary's murder by Walters. That Parrish was present at the scene of the crime, present when the knife was disposed of, and failed to report the crime did not make Parrish an accomplice.

*Bradley Phillips*

The seven friends rode to the bar in Bradley Phillips's pickup. Phillips was airing up his back tire when the stabbing occurred. He picked up Walters and Parrish after Walters had run off. He saw Walters with a knife when Walters got in the pickup and heard Walters say that he stabbed McCrary. He also did not report the crime. Again, there is no evidence in the record that Phillips engaged in any *affirmative* act that promoted the murder. That Phillips gave Walters a ride after the murder, saw the knife, heard Walters say he stabbed McCrary, and failed to report the crime did not make Phillips an accomplice.

*Jamaica Gamboa*

While waiting for Phillips to air up his tire, Gamboa heard McCrary scream that he was being stabbed. He did not ask questions when Walters returned to the pickup. The next day, he found out McCrary had died. Walters then offered a knife to Gamboa who refused to take it. Even though he thought Walters was trying to dispose of evidence, he did not report the incident to the police. There is no evidence in the record that Gamboa engaged in any *affirmative* act that promoted McCrary's murder. It is of no consequence that he failed to report what happened that night.

The evidence clearly shows Parrish, Phillips, and Gamboa were not accomplices, and the trial court was not required to give the requested instructions. Walters' three issues are overruled.

**CONCLUSION**

Having overruled each issue on appeal, we affirm the trial court's judgment.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
 Justice Davis, and
 Justice Scoggins
Affirmed
Opinion delivered and filed July 11, 2013
Do not publish
[CRPM]