**Abner Lee COCKE, Appellant,**

v.

**The STATE of Texas.**

**No. PD–1351–05.**

Court of Criminal Appeals of Texas.

Sept. 20, 2006.

Andrew W. Lucas, Glen Rose, for Appellant.

Martin L. Peterson, Assistant District Atty., Meridian, Jeffrey L. Van Horn, First Assistant State's Atty., Matthew Paul, State's Atty., Austin, for State.

## OPINION

JOHNSON, J., delivered the unanimous opinion of the Court.

A grand jury indicted appellant for burglary of a habitation. TEX. PENAL CODE § 30.02. The state presented evidence at the guilt phase of trial that, during May 2003, appellant stole a truck, three rifles, a shotgun, and a handgun from the Bosque County home of Thomas Vick, his former father-in-law. Approximately one week later, while executing a search warrant in Coryell County on an unrelated narcotics investigation, law enforcement officials discovered the stolen truck on property occupied by Paul Bundrant, an acquaintance of appellant. Shortly thereafter, another acquaintance, David Sneed, turned over to police a rifle and a handgun that he had purchased from appellant at below-market value. Sneed also told police that there were two additional rifles on Bundrant's property. Officers returned to the property, obtained consent to search the premises, and recovered those rifles. Bundrant later testified that appellant gave him the rifles as "rent" for allowing appellant to stay on the property. Officers recovered the shotgun from the father of Sid Harmon, another of appellant's acquaintances. The serial numbers on the weapons recovered by police matched the serial numbers of the weapons stolen from Vick.

The evidence at trial suggested that the burglary was committed by someone with intimate knowledge of Vick's house. Vick testified that appellant had once been married to his daughter and had been inside of his house on occasion. He also testified that he kept a spare set of keys to the truck, along with other valuables, in a coffee can on top of a china cabinet and that the burglar was selective; certain guns and a jewelry box had been taken from his bedroom during the burglary, while other visible, valuable items in the home were left undisturbed. Vick also testified that appellant likely knew of the location of the coffee can and its contents.

Appellant argued that both Bundrant and Sneed had possessed some of the stolen firearms and were thus accomplices either as a matter of law or as a matter of fact; he therefore requested that an accomplice-witness instruction be included in the jury charge. TEX.CODE CRIM. PROC. art. 38.14. The trial court denied this request, and a jury convicted appellant of burglary of a habitation. A habitual offender, appellant was sentenced to life imprisonment in the Texas Department of Criminal Justice—Correctional Institutions Division. TEX. PENAL CODE § 12.42.

Appellant appealed, asserting in his sole claim that the trial court erred in failing to include an accomplice-witness instruction in the court's charge to the jury. *Cocke v. State,* 170 S.W.3d 747 (Tex.App.-Waco 2005). The court of appeals, relying on

*Ferrel v. State,*[1] *Paredes v. State,*[2] and *Prodan v. State,*[3] found that: (1) appellant was entitled to an instruction on the accomplice-witness rule because the issue was raised by the evidence and; (2) the jury should have been instructed to determine whether Bundrant and Sneed gave reasonable explanations for their possession of the recently stolen firearms.[4] The court also determined that the failure to provide the accomplice-witness instruction to the jury in this instance caused appellant "some harm." Consequently, the court of appeals reversed the trial court's judgment and remanded the cause to the trial court. The state petitioned for discretionary review, and we granted review on the state's sole ground.[5] We reverse the judgment of the court of appeals.

## The Accomplice-witness Instruction

■ It is well settled that a defendant has a right to an instruction on any defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless of what the trial court may think about the credibility of the evidence. *Granger v. State,* 3 S.W.3d 36, 38 (Tex.Crim.App. 1999). This rule is designed to ensure that the jury, not the judge, decides the credi-

bility of the evidence. *Id.* (citing *Miller v. State,* 815 S.W.2d 582, 585 (Tex.Crim.App. 1991)(op. on reh'g.)). In Texas, a conviction cannot be secured upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant to the offense. Tex.Code Crim. Proc. art. 38.14.[6] The purpose of the instruction, therefore, is not to cast suspicion on the testimony provided by the accomplice or to encourage jurors to give it less weight than other testimony. Rather, the instruction merely reminds the jury that it cannot use the accomplice's testimony to convict the defendant unless there also exists some non-accomplice testimony tying the defendant to the offense. *Herron v. State,* 86 S.W.3d 621, 632 (Tex.Crim.App.2002). Non-accomplice evidence that does no more than show that the offense was committed is insufficient corroboration.

## Determining Accomplice Status

■ A witness may be an accomplice either as a matter of law or as a matter of fact; the evidence in a case determines what jury instruction, if any, needs to be given. *Gamez v. State,* 737 S.W.2d 315, 322 (Tex.Crim.App.1987). Unless the evidence clearly shows that the witness is an

1. 55 S.W.3d 586 (Tex.Crim.App.2001).

2. 129 S.W.3d 530 (Tex.Crim.App.2004).

3. 574 S.W.2d 100 (Tex.Crim.App.1978).

4. Although a jury may draw an inference of guilt from a defendant's recent and unexplained possession of stolen property, *Hardesty v. State,* 656 S.W.2d 73, 76–77 (Tex.Crim. App.1983); *Prodan v. State,* 574 S.W.2d 100, 102 (Tex.Crim.App.1978), such an inference is not conclusive evidence of even the defendant's guilt. Neither Bundrant nor Sneed were defendants in this case. Further, their possession was not unexplained; both men testified during the guilt phase of the trial that they either received or purchased the guns from appellant. The reasonableness of the

explanations bears on their credibility, not on their alleged status as accomplices.

5. "Is a State's witness who denies complicity in the offense for which the accused is on trial and is shown (at worst) to be only an accessory after the fact, to be considered an accomplice witness under Art. 38.14 of the Code of Criminal Procedure."

6. Tex.Code Crim. Proc. art. 38.14 Testimony of Accomplice

A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

accomplice as a matter of law, e.g., the witness has been, or could have been, indicted for the same offense, a question about whether a particular witness is an accomplice is properly left to the jury with an instruction defining the term "accomplice." *DeBlanc v. State*, 799 S.W.2d 701, 708 (Tex.Crim.App.1990). If a witness is an accomplice as a matter of law, the trial court is required to provide an accomplice-witness instruction to the jury. *Id.* If, however, the parties present conflicting or unclear evidence as to whether a witness is an accomplice, the jury must first determine whether the witness is an accomplice as a matter of fact. *Blake v. State*, 971 S.W.2d 451, 455 (Tex.Crim.App.1998). The trial court is not required to give the jury an accomplice-witness instruction when the evidence is clear that the witness is neither an accomplice as a matter of law nor as a matter of fact. *Gamez*, 737 S.W.2d at 322.

▓▓▓▓ An accomplice is an individual who participates with a defendant before, during, or after the commission of the crime and acts with the requisite culpable mental state. *Paredes v. State*, 129 S.W.3d 530, 536 (Tex.Crim.App.2004). Participation requires an affirmative act that promotes the commission of the offense with which the defendant is charged. *Id.* An individual is clearly an accomplice if he, like the defendant, could be prosecuted for the offense or a lesser-included offense. *Blake*, 971 S.W.2d at 455 (citing *Ex parte Zepeda*, 819 S.W.2d 874 (Tex.Crim.App. 1991)). There must exist evidence sufficient to connect the alleged accomplice to the criminal offense as a "blameworthy participant," but whether the alleged accomplice-witness is actually charged or prosecuted for his participation is irrelevant. *Id.* (citing *Singletary v. State*, 509 S.W.2d 572, 575 (Tex.Crim.App.1974)). Mere presence at a crime scene does not make an individual an accomplice, nor is an individual an accomplice merely because he has knowledge about a crime and fails to disclose that knowledge. *Id.* at 454.

### Application of Law

▓▓▓▓ Appellant contends that he was entitled to an instruction on the accomplice-witness rule because both Bundrant and Sneed possessed some of the stolen firearms. Appellant has a right to an accomplice-witness instruction if the issue is raised by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless of what the trial court may think about the credibility of the evidence. *Granger*, 3 S.W.3d at 38. However, a trial court is not obligated to provide an accomplice-witness instruction when it is not raised by the evidence. *Gamez*, 737 S.W.2d at 322. Whether an accomplice-witness instruction is justified, therefore, requires a case-specific and fact-specific inquiry.

In the present case, the evidence at the guilt phase of the trial showed that appellant gave Bundrant two rifles as "rent" for allowing appellant to stay on the property, while appellant sold two firearms to Sneed at below-market value. This Court has previously held that proof that a witness purchased stolen property will not transform his testimony into that of an accomplice when there is no evidence of facts that would put the witness on notice that the property was stolen. *Peaden v. State*, 491 S.W.2d 136, 139 (Tex.Crim.App.1973). Payment of below-market price for stolen items, by itself, is also insufficient to make the purchaser an accomplice as a matter of law. *Id.*

No evidence in the trial record suggests that Bundrant or Sneed, acting with the required culpable mental state, actively participated with appellant before, during, or after the commission of the burglary of

Vick's home or that Bundrant or Sneed acted in a manner to promote the offense with which appellant was charged. Both men testified that they met appellant for the first time when he came onto Bundrant's property with another acquaintance, Warner Massengill. At that time, appellant already possessed the guns. Bundrant testified during the guilt phase that, although he suspected that the white truck that appellant brought onto his property might be stolen, he had not participated in any burglary with appellant, did not know appellant's former father-in-law or where he lived, and was unaware that the rifles he had received from appellant as "rent" were stolen. Similarly, Sneed testified that he had not participated in any burglary with appellant, did not know appellant's former father-in-law or where he lived, and was unaware that the firearms he had purchased from appellant were stolen.

There was no evidence that either Bundrant or Sneed were accomplices as a matter of law or as a matter of fact and that, of the three, appellant alone was responsible for the burglary of Vick's home. The trial court did not err in failing to submit an accomplice-witness instruction because the evidence did not raise the issue.

We reverse the judgment of the court of appeals and affirm the trial court's judgment.