# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00412-CR

### Wesley Dale Davis, Appellant

### v.

### State of Texas, Appellee

### FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
### NO. CR2009-403, HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Wesley Dale Davis of unlawful possession of a firearm
and three counts of aggravated robbery. *See* Tex. Penal Code Ann. §§ 29.03, 46.04 (West 2011).
Appellant was sentenced to seventy years' imprisonment for each of the aggravated robbery
convictions and ten years' imprisonment for unlawful possession, with the sentences running
concurrently. In three points of error, appellant contends that he suffered egregious harm as a result
of jury charge error and that the evidence was insufficient to corroborate accomplice witness
testimony. For the reasons that follow, we affirm the judgments.

## BACKGROUND

The primary factual dispute during trial was not what happened during the robbery
of a restaurant on January 15, 2009, but who committed the robbery. The owner and two workers
of the restaurant testified for the State. They testified that two men with guns entered the restaurant

after it was closed and that both men wore sunglasses and had their faces covered with bandanas and their heads covered with a "hoodie" and "a beanie with a hood." During the robbery, the two men pepper sprayed the owner and the workers, one of the men hit the owner on the head with his gun, and the men placed the owner and the workers in the bathrooms before the men left the restaurant. After the owner and the workers heard the men leave the restaurant, they escaped the bathrooms, and the owner and one of the workers saw a white pickup truck driving away. They immediately called the police and provided a description of the truck. They, however, were unable to identify appellant as one of the intruders.

Another witness at the trial was a peace officer who saw a white pickup truck in the vicinity shortly after the robbery. The truck matched the reported description of the truck that was involved in the robbery. The officer signaled for the truck to pull over, but it did not immediately pull over and, when it did, the officer saw two males exit the truck and then run away. The officer arrested the driver of the truck, Anna Marie Diaz. Appellant was the truck's owner, and, although no gun was found, the truck contained hooded sweatshirts, sunglasses, bandanas, a "beanie," and an identification card with appellant's name and photograph on it. The officer's stop of the truck was recorded on his in-car camera, and the video was played for the jury. The video shows the two men exiting the truck and running away. At trial, the officer identified appellant as one of the men that he saw exiting the truck and running away.

Diaz, the driver of the truck, had not been indicted for the robbery at the time of trial. She testified that appellant and Roberto Mendez, who Diaz was dating at the time, were in the truck with her when they were stopped by the peace officer. She testified that she took appellant and

2

Mendez to the restaurant, that she waited in the truck while they went inside, and that she drove away from the restaurant when the two men returned to the truck and appellant told her to "go, go, go." She denied knowledge or involvement with the robbery, claiming that she drove appellant and Mendez to the restaurant to purchase tacos.

Appellant's mother also testified at trial, and the jury heard a recorded interview between the mother and the police that occurred after the robbery took place. Although appellant's mother provided explanations at trial for her previous statements to the police, she stated that her gun was missing at the time of the robbery, that appellant had told her that he was going to rob somebody a few weeks before the restaurant was robbed, and that, after the robbery, appellant apologized to her and told her that he sold the gun so he could go to Mexico.

## ANALYSIS

*Accomplice Witness Rule*

In his first and second points of error, appellant contends that he suffered egregious harm as a result of the trial court failing to instruct the jury that Anna Diaz was an accomplice as a matter of law and that the evidence was insufficient to corroborate her testimony as an accomplice witness. *See* Tex. Code Crim. Proc. Ann. art. 38.14 (West 2011).[1]

---

[1] Article 38.14 of the code of criminal procedure states:

A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

Tex. Code Crim. Proc. Ann. art. 38.14 (West 2011).

3

Without objection, the trial court submitted the question of Diaz's status as an accomplice to the jury as a fact question.[2] "An accomplice is an individual who participates with a defendant before, during, or after the commission of the crime and acts with the requisite culpable mental state." *Cocke v. State*, 201 S.W.3d 744, 748 (Tex. Crim. App. 2006). "A witness may be an accomplice either as a matter of law or as a matter of fact; the evidence in a case determines what jury instruction, if any, needs to be given." *Id.* at 747 (citing *Gamez v. State*, 737 S.W.2d 315, 322 (Tex. Crim. App. 1987)). "Unless the evidence clearly shows that the witness is an accomplice as a matter of law, e.g., the witness has been, or could have been, indicted for the same

---

[2] The court instructed the jury:

> You are instructed that you cannot find the defendant guilty based upon the testimony of an accomplice witness unless that testimony is corroborated by other evidence which tends to connect the defendant with the commission of the offense.
>
> An "accomplice witness" is a person who has participated with someone else before, during, or after the commission of the crime for which the defendant stands charged. A witness is not an accomplice witness merely because he or she knew of the offense and did not disclose it, or even concealed it. "Corroborate" means to confirm. In determining whether an accomplice has been corroborated, you must first assume the testimony of the accomplice has been removed from the case. You must then determine whether there is any remaining evidence which tends to connect the defendant with the commission of the crime.
>
> Now, therefore, if you find from the evidence that Anna Marie Diaz, is an accomplice witness, then you cannot convict the defendant based upon her testimony; unless such testimony is corroborated by other independent evidence which tends to connect the defendant with the crime charged; and then you must believe her testimony is truthful and shows the guilt of the Defendant as charged in the indictment; and from all of the evidence you must believe beyond a reasonable doubt that the defendant is guilty of the offense charged against him; or, if you have a reasonable doubt thereof, you will acquit the defendant.

4

offense, a question about whether a particular witness is an accomplice is properly left to the jury with an instruction defining the term 'accomplice.'" *See id*. at 747–48 (citing *DeBlanc v. State*, 799 S.W.2d 701, 708 (Tex. Crim. App. 1990)).

Here the evidence showed that Diaz was arrested on the day of the robbery, but she had not been indicted at the time of the trial or reached an agreement with the State in exchange for her testimony. There also was evidence that she did not have knowledge of the plan to rob the restaurant or knowingly participate in it. Diaz testified that she did not know that Mendez and appellant planned to rob the restaurant and that she thought that they were going to the restaurant to purchase tacos. Although there was conflicting evidence that she was involved as a participant in the robbery, we cannot conclude that the trial court erred by submitting the question of Diaz's status as an accomplice to the jury as a fact question. *See id.*; *see also Druery v. State*, 225 S.W.3d 491, 498–99 (Tex. Crim. App. 2007) (if evidence conflicting as to whether witness is accomplice, trial court "should allow jury to decide whether inculpatory witness is an accomplice witness as a matter of fact under instructions defining the term 'accomplice'").

Further, when a complaint concerning the jury charge is not properly preserved at trial, as in this case, the complained-of error must result in egregious harm for it to be reversible error. *See Druery*, 225 S.W.3d at 504; *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). Even if we were to conclude then that the trial court erred by not instructing the jury that Diaz was an accomplice as a matter of law, we would have to conclude that such error resulted in egregious harm for it to be reversible error. "Errors that result in egregious harm are those affecting

5

the 'very basis of the case,' those depriving 'the defendant of a 'valuable right,' or those that 'vitally affect a defensive theory.'" *See id.* (citation omitted).

Under the accomplice witness rule, "the reviewing court eliminates all of the accomplice testimony from consideration and then examines the remaining portions of the record to see if there is any evidence that tends to connect the accused with the commission of the crime." *Castillo v. State*, 221 S.W.3d 689, 691 (Tex. Crim. App. 2007) (citing *Solomon v. State*, 49 S.W.3d 356, 361 (Tex. Crim. App. 2001)); *see also Druery*, 225 S.W.3d at 498 ("This accomplice witness rule creates a statutorily imposed review and is not derived from federal or state constitutional principles that define the legal and factual sufficiency standards."). "The corroborating evidence need not be sufficient by itself to establish guilt; there simply needs to be 'other' evidence 'tending to connect' the defendant to the offense." *Castillo*, 221 S.W.3d at 691. We view the corroborating evidence in the light most favorable to the verdict. *Gill v. State*, 873 S.W.2d 45, 48 (Tex. Crim. App. 1994).

Evidence other than Diaz's testimony connecting appellant with the commission of the crimes included the truck, the items found in the truck, and the testimony of the peace officer, appellant's mother, and the victims of the crimes. Although appellant's mother testified inconsistently, she stated that appellant told her that he was planning a robbery before the robbery occurred, that her gun was missing, and that, after the robbery, appellant told her that he sold the gun to go to Mexico. One of the victims identified appellant's truck as the truck involved in the robbery, and the peace officer identified appellant as one of the men who exited the truck and ran away. It also was undisputed that appellant owned the truck and that the truck contained the types of

6

items—bandanas, sunglasses, a beanie, and a hoodie—that the victims identified as being worn by the two men during the robbery.

This evidence combined was sufficient to connect appellant to the robberies without Diaz's testimony and, therefore, to satisfy the accomplice witness rule. *See Castillo*, 221 S.W.3d at 691. Even if we were to conclude then that the trial court should have instructed the jury that Diaz was an accomplice as a matter of law, we cannot conclude that any such error resulted in egregious harm. *See Druery*, 225 S.W.3d at 504. We overrule appellant's first and second points of error.

*Criminal Responsibility for Third Party Conduct*

In his third point of error, appellant contends that he "suffered egregious harm because the jury was authorized to find him criminally responsible and therefore convict him based on the conduct of a third party not shown to be criminally responsible for the offenses of aggravated robbery." Without objection, the trial court identified the other man involved in the three aggravated robbery counts in the charge as Roberto Gonzalez-Mendez, instructing the jury that it could find appellant criminally responsible for Gonzalez-Mendez's conduct.[3] *See* Tex. Penal Code Ann.

---

[3] The trial court instructed the jury as to each count of aggravated robbery:

Bearing in mind the foregoing instructions, if you find beyond a reasonable doubt that on or about the 15th day of January, 2009, . . . that Roberto Gonzalez-Mendez, did then and there while in the course of committing theft and with intent to obtain or maintain control of property, did then and there intentionally or knowingly threaten or place [the victim] in fear of death or imminent bodily injury and that said Roberto Gonzalez-Mendez did use or exhibit a deadly weapon, to-wit: a firearm, and that the Defendant, Wesley Dale Davis, with intent to promote or assist the commission of said Aggravated Robbery by Roberto Gonzalez-Mendez, aided encouraged or attempted to aid the said Roberto Gonzalez-Mendez in the commission of the said Aggravated Robbery; you will find the Defendant guilty of

7

§ 7.02(2) (West 2011) ( "A person is criminally responsible for an offense committed by the conduct of another if: . . . (2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.").

Appellant concedes that there was evidence implicating Roberto Mendez but argues that there was no evidence upon which the jury could find that Roberto Mendez and Roberto Gonzalez-Mendez were the same person. He argues, therefore, that, as the charge was presented, appellant could have been found guilty based upon the behavior of a third party who was not otherwise shown to be implicated in the commission of the offenses. Appellant, however, fails to demonstrate that there was any error at all in the charge concerning the identity of the other man involved in the robbery. The evidence was undisputed that two men with guns were involved in the robbery, and the identity of the other man was not a contested issue. Although the other man was referred to at trial as Roberto Mendez, there was no evidence, testimony, or argument that could have confused the jury that the named individual in the charge—Roberto Gonzalez-Mendez—was someone other than Roberto Mendez. We overrule appellant's third point of error.

## CONCLUSION

Having overruled appellant's points of error, we affirm the judgments.

the offense of Aggravated Robbery, as charged in Count [ ] of the indictment and so answer on the Verdict Form Number [ ].

_____

Melissa Goodwin, Justice


Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed

Filed:   July 25, 2012

Do Not Publish