

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0789-14

**CHRISTOPHER ALLEN PHILLIPS, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TENTH COURT OF APPEALS
### McLENNAN COUNTY

**NEWELL, J., filed a concurring opinion.**

### O P I N I O N

I join the majority opinion, but I write separately to further clarify why the application of Article 38.075(a) is so confusing, particularly as it applies to this case.

Without rehashing the operative facts, appellant's robbery conviction was based, in part, upon the testimony of two rebuttal witnesses who had been inmates with appellant in the McLennan County Jail. These two witnesses testified that appellant tried to get them to lie for him by implicating a co-defendant, Andre Dulin.

There was no dispute about the character of these witnesses–they were unquestionably imprisoned or confined in the same correctional facility as appellant at the time appellant made the statements at issue. The dispute arose about the character of the statements. These statements tended to cast suspicion on defendant, but they were not strictly admissions or confessions.

Presiding Judge Keller correctly observes in her concurring opinion that this statute was designed to operate like Article 38.14, the accomplice-witness statute. Under that statute, a conviction cannot stand on the testimony of an accomplice unless that testimony is corroborated by other evidence. TEX. CODE CRIM. PROC. ANN., ART. 38.14. What triggers the need for an instruction is a particular type of witness—not the content of the testimony. Article 38.14, and its obligation to instruct the jury on the accomplice-witness rule, hinges on whether a particular witness was a "blameworthy participant" in the offense and could be prosecuted for it, or for a lesser-included offense. *Cocke v. State*, 201 S.W.3d 744, 748 (Tex. Crim. App. 2006). The underlying premise of Article 38.14 is that an accomplice witness is a "discredited witness" whose testimony "must be carefully scrutinized, not only because of any interest he . . . might have, but because . . . his testimony is evidence from a corrupt source." *Beathard v. State*, 767 S.W.2d 423, 429 (Tex. Crim. App. 1989). The witness, and the evidence he offers, is suspect regardless of the content.

Article 38.075(a) is also premised on the potential unreliability of a particular type of interested witness—namely, the jailhouse informant. Unlike Article 38.14, however, the need for a jailhouse informant instruction is triggered by a combination of both a particular type of witness and a particular type of testimony. Under the plain wording of Article 38.075(a), only a "statement against . . . interest" necessitates a jailhouse-informant instruction.

Both parties rely on Rule 803(24), the hearsay exception for statements "against interest," to inform their arguments regarding why the character of the evidence admitted did or did not necessitate a jury instruction on the corroboration of testimony from the jailhouse informants. But the hearsay exception for statements against interest focuses on the content of the statement and "stems from the commonsense notion that people ordinarily do not say things that are damaging to themselves unless they believe they are true." *Walter v. State*, 267 S.W.3d 883, 890 (Tex. Crim. App. 2008). This exception does not address the trustworthiness of the person relating the statement against interest, only the trustworthiness of the statement itself. In criminal cases, a statement tending to expose the declarant to criminal liability is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement. TEX. R. EVID. 803(24). Rule 803(24) focuses on whether the statement is true, not on whether the statement was ever made.

And that is where Article 38.075(a) comes into play. As the majority correctly observes, the legislature's sole concern when passing Article 38.075(a) was the highly suspect veracity of an in-custody informant. The legislature did not intend Article 38.075(a) to require parsing the content of each statement to determine whether it is "against the defendant's interest." As with the accomplice-witness statute, the focus of Article 38.075(a) is less on the reliability of the content of a defendant's out-of-court statements than on the reliability of the witness testifying about those statements. While the legislature drafted Article 38.075(a) to require an instruction when a particular type of statement is offered into evidence, a narrow reading of the phrase "statement against interest" frustrates the legislative intent to require corroboration for testimony from a particular class of interested witness.

That is why I agree with the majority's broad reading of the phrase "statement against interest." A jury instruction is warranted–as it was in this case–whenever a jailhouse informant testifies regarding a defendant's statement that could be used against the defendant at trial. I do not, however, agree with Presiding Judge Keller's observation that the lack of an instruction will generally be harmless in cases where the statement at issue is not an admission or confession. In a close case, a trial court's denial of a requested Article 38.075 instruction could still have some effect on the jury's verdict. *See, e.g., Herron v. State*, 86 S.W.3d 621, 632 (Tex. Crim. App.

2002) ("The difference in harm standards impacts how strong the non-accomplice evidence must be for the error in omitting an accomplice-witness instruction to be considered harmless."). Like cases involving the absence of an accomplice-witness instruction, the harm analysis for the omission of a jailhouse informant instruction should also be flexible. *Id*. But I do agree with Presiding Judge Keller that the need for a jailhouse informant instruction will be at its apex when the statement offered is an admission or a confession.

With these thoughts, I join the majority.

Filed: June 3, 2015
Publish