82,685-01

Mr. Abel Acosta-Clerk
Court of Criminal Appeals of Texas
P.O.Box 12308, Capitol Station
Austin, Texas  78711

Dear Clerk,                                    July 8,2015
    Please find enclosed Applicants Reply to States Response
to his writ of habeas corpus-writ no. WR-82,685-01,
Cause No. B-35,839-A.
    Your attention to this matter is appreciated.


                              Billy W. Haynes
                              #1723231 Clements H/S
                              9601 Spur 591
                              Amarillo, Texas  79107

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 13 2015

Abel Acosta, Clerk

CAUSE NO. B-35,839-A
WRIT NO. WR-82,685-01

Ex parte

BILLY WAYNE HAYNES

IN THE DISTRICT COURT

161st. JUDICIAL DISTRICT

ECTOR COUNTY, TEXAS


APPLICANTS REPLY TO STATES RESPONSE AND
PROPOSED FINDINGS OF FACT AND CONCLUSIONS
OF LAW
TO APPLICANTS WRIT OF HABEAS CORPUS 11.07

1.

## GROUND 1

State argues Applicant has provided no evidence proving or even implying that jailhouse informant Micah May gave false or misleading testimony.

### APPLICANT REPLY.

Applicant has requested a evidentiary hearing at every opport-unity so that he could in fact establish the record for the Courts. With a hearing and the assistance of counsel for the purpose of the hearing, he would be able to show that May did give false and misleading testimony, but was not afforded that opportunity.

Applicant contends that the State knew May's testimony was indeed false, but used it anyway, in an attempt to corroborate accomplice witness testimony. The State did not introduce May's letter into evidence, only chose to ask him certain questions on the stand. May had his own version of the events, and did not corroborate any of the testimony from any other witness.

Anyone reading it and knowing the facts of the case could easly see May was only hoping to get something in return for his false testimony, as he done so.

Surely the State done a investigation on May, to see if he could have actually talked to Applicant, and discovered that he never lived around him, no shared activities. This was May's second attempt to sell his lies, he wrote the State in the end of 2010, but they didn't use that, and ten to 14 days before trial, they decide to use his second letter. How convenient.

Applicant has tried to obtain a copy of May's letter, he even wrote to Mr.Leach-trial counsel-and requested it, and in a reply

2.

dated January 30,2013, was told quote;" I looked for a copy of May's statement, but could not find it." Applicant has done all he could to obtain a copy of May's letter to the State. It was his hopes that he could have requested and got a copy in a hearing.

State argues that discrepencies in testimony do not alone make a case for perjury-Losada v. State,721 S.W.2d 305(T.C.A. 1986) and that may be so, but there where way more then just a few discrepencies in May's statement, he had a totally different version. Ex parte Weinstein,421 SW3d 656-674(T.C.A.2014)-Testimony need not be perjured to constitute a due process violation; rather, it is sufficient that the testimony was false.

Applicant never contended that May testified that he shared common activities, as is the States contention, he said that May has never been housed with Applicant, they shared no common activities, in an attempt to show that it never happend, there was never an opportunity, and Applicant has NEVER had a conversation with May on any level! May was moved to the same housing area, 2000 block, only after he agreed to testify for the State against Applicant, and this was against his wishes. (RR vol 11 241).

Applicant maintains that State used false testimony from one of its witness to secure the conviction, a violation of his due process, U.S.C.Amend.14, Texas Const.I§§10,19, and it capitalized on it in its closing arguments-US v.Sanfilippo, 564 F.2d 176-179(5th Cir.1977) States closing arguments (RR vol 13 34) "he told Micah May, excuse the racial slur, that bitchass mexican got what he deserved" .

3.

This was the last thing the jury heard before retiring to begin deliberations.

The Court of Criminal Appeals has held that, the due process clause of the Fourteenth Amendment is violated where the state knowingly uses perjured testimony to obtain a conviction. Ex parte Ghahreman,332 SW3d 470,483(T.C.A.2011)

US v.Bagley,473 U.S.667,669,105 S.Ct.3375(1985)-The Supreme Court has suggested that the knowingly use of "false" testimony is treated the same as knowingly use of perjerd testimony.

Applicant has shown diligence in trying to obtain a copy of Mays letter, as well as trying to get a hearing so that he can properly establish the record to support his claims outlined in his writ of habeas corpus, but was denied the opportunity by the court. He contends he has never had a conversation with Micah May, there has never been an opportunity to do so, and can prove this with the assistance of a hearing and counsel for the purpose of the hearing.

Applicant prays this court GRANT relief sought, or in the alternative, order the trial court to hold a hearing so that he can establish the record.

## GROUND 2.

State contends that trial counsel was not ineffective for failing to investigate May is without merit, and that no evidence was presented to sustantiate Applicant's claims, and he failed to show what an investigation would have shown.

## APPLICANT'S REPLY.

Applicant did, in his memorandum in support of his writ, show what an investigation would have shown. May has never lived in a cell with nor around Applicant, there was never an opportunity

4.

for Applicant to have a conversation with May, among other things.

If counsel had done a investigation, prior to trial, he would have been able to show that what May claimed was in deed false. Counsel had asked Applicant who was May and was told he did not know, that should have by itself warranted a investigation, and when counsel requested an interview with May through his counsel, and was told no, that should have added to the need for an investigation. (RR vol 11 233). Counsel did not object to May's testimony, only parts, and he objected to the purported threat by May, but nothing more.

The courts of appeals are in agreement that failure to conduct any pretrial investigation generally constitutes a clear instance of ineffectiveness. See,e.g.,Sullivan,819 F.2d at 1391-92 (prefunctory attempts to contact, attempts to contact witness not reasonable); Code v. Montgomery,799 F.2d 1481,1483(11th Cir. 1986)(counsel's performance fell below competency standard where he interviewed only one witness); Nealy v. Cabana,764 F.2d 1173,1177(5th Cir)"[A]t a minimum counsel has the duty to interview potential witnesses and to make an independant investigation of the facts and circumstances of the case."
"The complete failure to investigate potentially corroborating witnesses....can hardly be considered a tactial decision." Sullivan v.Fairman,819 F.2d 1382,1391(7th Cir.1987).

In counsels affidavit, he offers no reason for his failure to investigate, only mentions what May testified to, that he never testified to living around Applicant, Applicants claims involve pre-trial investigations. Counsel gives no reasoning for this. "[A]n attorney must engage in a reasonable amount of pre-trial investigation and at 'a minimu...interview potential witnesses'

5.

and make an independant investigation of the facts and circunstances in the case." Bryant v. Scott,28 F.3d 1411,1420(5th.Cir. 1994)(quoting Nealy v. Cabana,764 F.2d 1173,1177(5th Cir.1985)

State argues that if Leachs performance was somehow deficient for failing to discover what Applicant claims he should have, Applicant cannot show that this error was so serious that there exist a reasonable probability that the proceedings would have been different.

Applicant fails to see how counsels failure to investigate the states potential witnesses could not have effected the outcome of the trial. State used May in an attempt to corroborate accomplice witness testimony. They argued that Applicant was boasting, that he admitted to May, then in its closing arguments, reiterated his false testimony in its closing arguments! May's false testimony also had an effect on Applicants direct review. The only other testimony was from accomplice witnesses, and a conviction cannot be obtained on their testimony. T.C.C.P.art 38.14.

Counsel states in his affidavit that had Applicant wanted to refute the false testimony, he could have done so, but fails to mention he strongly advised Applicant to not to take the stand, for the State could bring up any alleged bad acts, whether true or not, if he did.(RR vol 12 6). Applicant should not be forced to forfeit his right to remain silent in order to refute any of the States witnesses, especially ones that counsel has a duty to investigate, but failed to do so.

Applicant prays this Court Grant relief

6.

GROUND 3.

State contends that Applicants claim of Ineffective Assistance of counsel for failure to investigate States witness Marcela McKinney, is without merit.

APPLICANT'S REPLY.

Again, State claims Applicant has submitted no evidence in support of his claims. Applicant has tried at any and all times to request a hearing, but has been denied. If the trial courts won't give Applicant a hearing so that he can properly establish a record, it is no fault of his. He is doing the best he can to show the court what he says is true.

State contends that Applicant should forfiet his right to remain silent, in order to refute the testimony of one of its witnesses. Applicant maintains that he should not have to forfiet any of his rights in order to refute any of the States witnesses.

Counsel again does not offer any explanation in his affidavit as to why he failed to investigate States witness Marcela McKinny but does state that Applicant could have waived his right to remain silent to refute her testimony, even though he strongly advised against doing so.(RR vol 12 6). Applicant should not have to waive any of his Constitutional rights because counsel failed to perform his duty, to investigate States witnesses. Code v. Montgomery,799 F.2d 1481,1483(11 th Cir.1986);Nealy v. Cabana,764 F.2d 1173,1177(5th Cir.1985);Sullivan v. Fairman, 819 F.2d 1382,1391(7th Cir.1987);Bryant v. Scott,28 F.3d 1411,1420 (5th Cir.1994).

State claims there was no other eyewitnesses to Applicants

7.

confrontation with McKinney, that is false. Had counsel done an investigation, he would have found that it was not McKinney who claimed she was in direct control of Applicant, but her direct supervisor Cpl. Wilson. Applicant wasn't allowed out of the cell until someone was there with cuffs and shackles, and McKinney was in the picket at all times, the confrontation happend infront of Cpl.Wilson, he just told Applicant to ignore her. She has a history of doing this, as she testified to (RR vol 11 260,261).

Again, counsel offers no reasoning in his affidavit as to why he failed to investigate the States witnesses.

Applicant prays this Court GRANT relief.

## GROUND 4.

States contention that Applicants claim of Ineffective Assistance on counsel for failure to object to the States use of his tattoo's is without merit.

## APPLICANT'S REPLY.

Applicant contends counsel should have objected to the admittance of his tattoo's, specifically, States exhibit No.82, a picture of "Lightning bolts" on his neck. State had already submitted other pictures, namely of Applicants "patch" and it was never denied that he was a member of the Aryan Circle, so the only reason the State used the "bolts" was to inflame the minds and passions of the jury, as seven out of twelve, plus the alterane jurors were hispanic. There is nothing that suggest anything in the picture that has to do with anything other then Applicants beliefs. No lettering, no numbering, nothing. States "expert witness" on Gangs, Billy Bloom, even testified that their meaning was in a

8.

"further belief in national_socialisim" and were "nazi Germany Waffen SS".(RR vol 10 193). It is Applicants contention, the State used them to make Applicant look like a "raging racist" as if race was apart of the issue, when in fact, noone knew who was who, much less their race. It was done in contention to May's false testimony, "that bitchass mexican got what he deserved", which was never stated by Applicant. They were posted on a wide screen so the jury was sure to see them.

It was material, as it more likely then not, invoked the passion, and emotions of the hispanic jurors.

Applicant prays this Court Grant relief

GROUND 5.

State contends Applicant's claim of Ineffective Assistance of counsel for failure to request an accomplice by law instruction on both Chunn and Griffin is without merit.

APPLICANT'S REPLY.

State argues that Chunn just "rode along", that he was in no way culpable. Applicant disagrees. Counsel should have requested an accomplice by law instruction, due to both Chunn and Griffins own testimony. Even the Appellate Court-Eastland found that Chunn, was "some evidence that Chunn may have committed an act to promote the commission of the offense." See,Haynes v.State,2013 Tex.App.LEXIS 7232(Tex.App.Eastland June 13,2013 pet.ref'd).

Chunn was told to go home by Kevin Jackson(RRvol11 104-05) and he refused. He knew all in the car with him was Aryan Circle (RR vol 11 200) admitted he got out of the car when they got to Hughes(RR vol 11 203), he was a willing participant from the

9.

start. He had more then a culpable state, and the only reason he nor Griffin was charged, was per detective D.Bass, they were not believed to be Aryan Circle (RR vol 10 27). Griffin testified that he was in fact a member of the Aryan Circle on the night of the offense (RR vol 11 185) and that he was all for taking care of business(RR vol 11 190-91), so much for det.Bass's theory, the same could be said for Chunn, but because he didn't admit it? He was not some innocent person as the State contends, and counsel should have requested the instruction by law on both Chunn and Griffin.

Hannah Fierros(RR vol 11 51) testified that everyone knew that they were going to the Barina residence to retaliate for what had happend to her and Scott earlier that night.

A witness is culpable as a party to the offense in which the defendant was charged if he acted "with the intent to promote or assist the commission of the offense."Tex.Penal Code ANN § 7.02(a)(2)(West 2011)

A person acts intentionally, or with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. Tex.Penal Code §6.03(a).

A witness's status as an accomplice is critical because of how accomplice witness testimony is viewed by the courts. Before a conviction can be based on an accomplice's testimony, the testimony must be corroborated by independent evidence tending to connect the accused to the crime.Tex Code of Crim.Proc.ANN.art.38.14(2005) An accomplice is someone who participates with the defendant before,during,or after the commission of a crime and acts with the required culpable mental state.

In the Appellate Courts memorandum opinion, "Appellant neither asked the trial court to instruct the jury that Chunn was an accomplice as a matter of law nor objected to the submission of

10.

the issue to the jury".Haynes_v. State,2013,Tex.App.LEXIS 7232 (Tex.App.Eastland June 13,2013 pet.ref'd).

Chunn and Griffin are both accomplices by law, both could have been charged, and their own testimony shows this, so counsel should have requested the instruction by law, or atleast objected to the charge given to the jury.

Applicant prays this Court Grant relief

GROUND 6.

State contends Applicants claim of Ineffective Assistance on counsel for failure to request a limiting instruction on May's purported threat is without merit.

APPLICANT'S REPLY

Applicant maintains that counsel should have requested a limited instruction on May's purported threat, after his objection was overruled.(RR vol 11 236) With a limited instruction specific to the alleged threat, a jury would have to have found it "beyond a reasonable doubt" before they could consider it. The only evidence of this alleged threat was from May himself. He claimed of a threat in his letter to the State as well, but it wasn't allowed.

Ex parte Varelas,45 SW3d 627,631-32(T.C.A.2001)"defendant is entitled to a limited instruction that the jury only consider it if it was proved beyond a reasonable doubt."

The courts instruction was vague, it was not specific to May's alleged threat, State and counsel both agree to that fact.

Counsel states in his affidavit that there was no reason to reemphasize what May had stated in his testimony with respect to

11.

to the threat. Surely counsel did not think the State would not reiterate the purported threat in its closing arguments? (RR vol 13 34)"even during the trial, this defendant threatend Micah May with his life. During the trial. Who do you need to threaten if you didn't do anything wrong?".

Counsel was denied a continuance after his objection to the threat was overruled, the least he could do was request a limited instruction, that was the last thing the jury heard before retiring to deliberate,"who do you need to threaten if you didn't do nothing wrong". Implying that Applicant was guilty! A limited instruction would have made alot of difference in both the trial outcome and in direct review, state clearly used it to influence the jury's opinion.

Applicant prays this Court GRANT relief

GROUND 7.

State contends Applicants claim of Ineffective Assistance on Appellate counsel's failure to raise issue of Chunn and Griffin as accomplices by law is without merit.

APPLICANT'S REPLY

In the Appellant Courts Memorandum Opinion in this case, Haynes v. State,2013,Tex.App.LEXIS 7232(Tex.App.Eastland June 13,2013 pet.ref'd) "Appellant neither asked the trial court to instruct the jury that Chunn was an accomplice as a matter of law nor objected to the submission of the issue to the jury. Moreover, appellant does not argue on appeal that such an instruction should have been given." it also stated that"there was some evidence,however,that Chunn may have committed an act

12.

to promote the commission of the offense." Clearly, Chunns own testimony, he was more then an innocent bystander as the State tries to claim.

In Appellate counsels affidavit, he seems to feel that, for some reason, he could not raise the issue, simply because trial counsel did not object to it, but the Appellate Court seems to think that not only could it be raised, but that it should have been raised, as there is evidence in the record that Chunn "may have committed an act to promote the commission of the offense". Regardless of what is in the record, court will not, sua sponte raise any issue on the behalf of either party, it is up to the party who is arguing to raise it.

Because Counsel did not raise it, the Courts denied relief, in part because the issue wasn't raised, and so it left the door open for one to believe that he was not an accopmlice by law!

A witness's status as an accomplice is critical because of how accomplice witness testimony is viewed by the courts. Before a conviction can be based on an accomplice's testimony, the testimony must be corroborated by independant evidence tending to connect the accused to the crime. Tex.Code Crim.Proc.ANN art.38.14

An accomplice is someone who participates with the defendant before,during,or after the commission of a crime and acts with the required culpable mental state.See dury v. State,255 SW3d 491,498(Tex.Crim.App.2007). Courts held in Cocke v. State, 201 SW3d 744(T.C.A.2006) that a person did not have to be charged to be an accomplice, only that they could have, is sufficient enough.

Applicant prays this Court GRANT relief

13.

State contends Applicant's claim of Ineffective Assistance on appellate counsel for failure to raise Prosecutional Misconduct for using the false testimony of States witness Micah May is without merit.

## APPLICANT'S REPLY

Applicant maintains counsel should have raised Prosecutional Misconduct, on the States use of the false testimony of Micah May. Applicant told counsel that May's testimony was false, that he had never had a conversation with May, didn't know who he was until he was on the States witness list.

Instead, he groups May in his argument on accomplice testimony and now contends that, both Applicant and the Appellate Court, "mischaracterized" his argument.

If counsel did not want to raise a claim of Prosecutional Misconduct, nor an Ineffective of Assistance claim on trial counsel for a failure to investigate, as he states in his affidavit it is hard to do so, he should have atleast raised May under Texas Code of Criminal Proceedure ANN.art.38.075 Corroboration of Certain Testimony Required(2010), as this was in the courts instructions.

Instead, in his arguments, it was percieved by the Appellate Court, Applicant as well, that he was arguimg that May was an accomplice, and the Court held he was not, and that his testimony could be considered, and denied relief. It is Applicant who is being punished for his errors, not counsel! If counsel would have raised a Prosecutional Misconduct, a constitutional violation,

14.

then the courts would have to review it under the Chapman v. California,386 U.S. 18,87 S.Ct.824 (1967) harm analysis. When an applicant has shown a constitutional error, a state court on Direct Review must apply the more strigent CHAPMAN harmless error standard under which the verdict must be overturned unless the error is shown harmless beyond a reasonable doubt." See Brecht, 507 U.S.at 629-30,636 (discussing Chapman v. California, 386 U.S.18, 87 S.Ct.824(1967);see also, Fry v. Pike, 551 U.S.112-116, 127 S.Ct.2331(2007).

Because counsel feels that something is "extremely difficult" as he stated in his affidavit, then he should not have to raise a issue? Alot of cases, even the opinion of App.Ct.-Eastland, seems to believe that those issues cas and should be raised on Direct Review. Again, it is not counsel who suffers, it is Applicant, who was denied relief from a life sentence for a crime he did not commit!

Counsel states "it was not found in the record" surely he doesn't expect the State to admit it violated Applicant's Fourteenth Amendment-Due Process, right after it done so?

Applicant prays this Court GRANT relief

## CONCLUSIONS

Ground 1. State violated Applicant's Due Process, a right protected by the US Const.Amend.14, Tex.Const. I§§10,19, by procuring a conviction through the use of false testiomony from States witness Micah May.

Grounds 2,3. Counsel offers no explanation for his failure to investigate States witnesses-pre trial investigation-, only

15.

suggest that Applicant should have waived his right to remain silent, US Const.Amend.5, to refute the testimony of the States witnesses, against counsels strong advice against doing so.

Ground 4. Counsel suggests that Applicant should forfeited his right to remain silent, US Const.Amend.5, in order to refute State's introduction of the "lightning bolts" when counsel strongly advised Applicant not to do so.

Ground 5. Counsel claims Applicant ignores the fact the Court gave an accomplice instruction on Chunn and Griffin, that is not Applicant's claim. Counsel states he could find no reference in the record, that would suggest requesting an instruction. It is counsel who ignores the testimony of both Chunn and Griffin, that they had an active role in "promoting the commission of the offense".

Ground 6. Counsel states "there was simply no reason to re-emphasize what May had stated with respect to the threat." His failure to request a limiting instruction, specific to the threat, allowed the jury, as well as the Appellate Court, to consider it, rather then having to "find it beyond a reasonable doubt". The only evidence of a threat was from May himself!

Ground 7. Appellant counsel is in the opinion that he could - not raise the issue of the accomplice by law instruction on both Chunn and Griffin on Direct Review, but the Appellate Court has suggested otherwise. It even found that there was "some evidence" that Chunn may have commited an act to "promote the commission of the offense". He did, and should have been listed as an accomplice by law.

16.

Ground 8. Appellate counsel again, is in the opinion that he could not raise any claims not "found in the record" even though he was aware that his testimony was false, and Applicant told him he has never spoke to May. It is Applicant who suffers, not counsel. He was denied relief for a crime he did not commit, due to the States use of May's false testimony.

The trial court should be an indèpendant arbiter in these matters, but in its Findings of Facts and Recomendations in this case, it is a mere reiteration of the States proposed findings. It found that Applicant provided no evidence to support his claims, but it was the trial court who refused to grant Applicant a hearing so that he could establish the record, prove his claims, that will entitle him to relief!

Applicant has no access to a copier, is proceeding pro se, he cannot afford to hire counsel. He's done the best to his abilities to show the Court what he claims is indeed the truth. A hearing would have allowed him to do this.

When an applicant files an application for a writ of habeas corpus, the record can be supplemented by the trial court gathering facts. This "provides an opportunity for a dedicated hearing to consider the facts,circumstances, and rationale behind counsel's actions at that juncture of trial." Thompson v. State,9 SW3d 808,814(T.C.A.1999);"Record is generally best developed in the context of a hearing held in relation to an application for writ of habeas corpus".Ex parte Menchaca,854 SW2d 128,130(T.C.A.1993).

The trial court's findings are not automatically binding upon the Court of Criminal Appeals, although it usually accepts the findings, if supported by the record.Ex parte Garcia,353 SW3d 785(T.C.A.2011).

Applicant was not afforded the opportunity to establish the record to prove his allegations, no hearing was given.

17.

The Court of Criminal Appeals may exercise its authority to make contrary or alternative findings and conclusions when independant review of the record reveals that the trial judges findings and conclusions on a post-conviction application for habeas corpus relief were not supported by the record.Ex parte Chabot,300 SW3d 768(T.C.A.2009).

Given the opportunity to have a hearing, Applicant will be able to show the court what he claims is in fact true, and will entitle him to relief. Trial counsel gave no reasons for his failure to do a pre-trial investigation on states witnesses; Appellate counsel is in the opinion that nothing outside the record can be raised on Direct review, even constitutional violations.

## PRAYER

Applicant prays this Court Grant relief sought, or in the alternitave, order the trial court to hold a hearing, appoint counsel for the purpose of the hearing, so that Applicant can fully establish the record to support his claims, that will entitle him to relief of his conviction.

Respectfully Submitted,

Billy Wayne Haynes
#1723231 Clements H/S
9601 Spur 591
Amarillo, Texas 79107

18.

## CERTIFICATE OF SERVICE

I certify that on this 8th day of July, 2015, a true and correct copy of Applicant's Reply to State's Response and Proposed Findings of Fact and Conclusions of Law, was mailed to:

R.N.(Bobby) Bland
Ector County District Attorney
Ector County Courthouse
300 N. Grant RM:305
Odessa, Texas 79761

*Billy W. Haynes*

Billy Wayne Haynes
#1723231 Clements H/S
9601 Spur 591
Amarillo, Texas 79107

19.