# NO. 12-17-00326-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROBERT MOBLEY,*<br>*APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Robert Mobley appeals his conviction for aggravated kidnapping. In one issue, he argues that the trial court erred by failing to include an accomplice witness instruction in the jury charge. We affirm.

### BACKGROUND

Vanessa Melson went missing in the middle of June 2015. On July 6, Brenna Theurer and James Henderson contacted the Grapeland Police Department. The following day, law enforcement found Melson's body buried in a shallow grave near the home of Theurer and Henderson on County Road 1737 in Houston County.[1] Law enforcement investigated Melson's death and determined that she was last seen getting into a truck with Appellant. Law enforcement determined that she died at the home on County Road 1737 in the company of Appellant, Henderson, and Theurer. Theurer directed law enforcement to a burn pile on the property where officers located Melson's purse, cell phone, earrings, and methamphetamine pipe.

Melson's body had been buried for weeks and was severely decomposed. The medical examiner conducted an autopsy, but was unable to determine Melson's cause of death because her

---

[1] The property on which Melson's body was located belonged to Henderson's father and uncle, but Henderson and Theurer lived at the residence on the property when Melson was killed.

body was so badly decomposed. The medical examiner noted non-fatal injuries to Melson's head and back that were inflicted antemortem.

The State charged Appellant and Henderson with aggravated kidnapping, and charged Theurer with two counts of tampering or fabricating physical evidence.[2] Appellant pleaded "not guilty" and the case proceeded to a jury trial.

Theurer, who cooperated with authorities, testified at Appellant's trial. Theurer's tampering with evidence charges resulted from the fact that she gave Melson's boots to a female acquaintance after Melson's death and allegedly assisted in burning Melson's possessions. Theurer admitted giving Melson's boots to an acquaintance after Melson was killed, but she denied assisting Henderson with burning Melson's personal belongings. However, Detective William Ruland, with the Houston County Sheriff's office, testified that Theurer assisted Henderson in burning Melson's personal items, including her earrings, purse, and phone. Furthermore, Theurer admitted her guilt on both counts of tampering and those charges were taken into consideration in her sentencing with a separate drug possession charge.

Theurer testified that at the time of Melson's death, she was in a relationship with Henderson and they lived at the home on County Road 1737. She indicated that both she and Henderson were heavy methamphetamine users. Theurer testified that, on the day of the offense, Appellant brought Melson to their home and confined her to the laundry room. She testified that over several hours, Appellant beat Melson with a club and sexually assaulted her. She further indicated that Henderson also sexually assaulted Melson and held her down while Appellant beat her with a club. According to Theurer, Appellant was in possession of methamphetamine and accused Melson of being a "snitch." She testified to seeing Appellant and Henderson put a rolled up rug in the back of Appellant's truck. Theurer saw hair hanging out of the rug. She further testified to seeing Appellant outside the house by a tree and holding a shovel.

Theurer testified that during the course of the evening she asked Appellant to leave, and asked Henderson to make Appellant leave. She also tried to call for help but Henderson took her phone and told her to "shut up before [she] got hurt too." Theurer acknowledged that she waited weeks to contact authorities and was not forthcoming in her initial interviews. She further admitted

---

[2] After a jury found Henderson "guilty" of aggravated kidnapping, he appealed to this Court. *See* **Henderson v. State**, No. 12-17-00314-CR, 2018 WL 23112176 (Tex. App.—Tyler May 8, 2018, no pet.) (mem. op., not designated for publication). We affirmed Henderson's conviction. *See* **id**.

to lying to investigators initially, telling them that Melson was alive when she left the home. She indicated lying at Henderson's behest, as he told her that Appellant would kill her if she told law enforcement the truth.

Appellant also testified on his own behalf. He indicated that he and Melson were in a casual sexual relationship for approximately eight months prior to her death and that, on June 16, 2015, they were at Melson's father's house using methamphetamine. He testified to taking Melson to Henderson's house at her request, but Theurer did not want her to come inside. Appellant stated that when they began to drive away, Henderson texted him and told him it was okay for them to come back to the house. Appellant testified that when they returned to the house, he and Henderson went outside. When the men came back inside, Theurer and Melson were in a heated verbal altercation, at which point Appellant left. Appellant returned the next morning to help Henderson on the property, and neither Theurer nor Melson were at the residence. Appellant testified that Henderson told him Melson went to her father's house. Appellant claimed that Theurer's testimony was fabricated. He testified that after he discovered Melson was missing, he had a conversation with Henderson during which Henderson made incriminating statements.[3]

At the conclusion of trial, the jury found Appellant "guilty" and the trial court sentenced him to imprisonment for life. This appeal followed.

## JURY INSTRUCTION

In one issue, Appellant contends the trial court erred in failing to sua sponte give the jury an accomplice-witness instruction regarding Theurer's testimony.

### Applicable Law

Texas law provides that "[a] conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed[.]" TEX. CODE CRIM. PROC. ANN. art. 38.14 (West 2005). When the issue of a trial court's failure to give an accomplice-witness instruction is raised on appeal, we first must determine whether the trial court erred by failing to sua sponte give that instruction before we consider whether the Appellant preserved his complaint for appeal, a matter that is pertinent to a harm analysis. *Zamora v. State*, 411 S.W.3d 504, 506 (Tex. Crim. App. 2013).

---

[3] The State objected to Henderson's statements to Appellant as being hearsay, which the trial court sustained; thus, the substance of the "incriminating" statements was not revealed at trial.

A witness may be an accomplice either as a matter of law or as a matter of fact; the evidence in a case determines what jury instruction, if any, needs to be given. *Cocke v. State*, 201 S.W.3d 744, 747 (Tex. Crim. App. 2006). Unless the evidence clearly shows that the witness is an accomplice as a matter of law, e.g., the witness has been, or could have been, indicted for the same offense, a question about whether a particular witness is an accomplice is properly left to the jury with an instruction defining the term "accomplice." *Id.* at 747–48. If a witness is an accomplice as a matter of law, the trial court is required to provide an accomplice-witness instruction to the jury. *Id.* at 748. However, if the evidence is conflicting or unclear as to whether a witness is an accomplice, the jury first must determine whether the witness is an accomplice as a matter of fact. *Id.* The trial court is not required to give the jury an accomplice-witness instruction when the evidence is clear that the witness is neither an accomplice as a matter of law nor as a matter of fact. *Id.*

An accomplice is someone who participates with a defendant before, during, or after the commission of the offense and acts with the requisite culpable mental state. *Id.* Participation requires an affirmative act that promotes the commission of the offense with which the defendant is charged. *Id.* An individual is an accomplice if he or she, like the defendant, could be prosecuted for the offense or a lesser included offense. *Id.* The evidence must be sufficient to connect the alleged accomplice to the offense as a "blameworthy participant," but whether the alleged accomplice-witness actually is charged or prosecuted is not relevant. *Id.* Mere presence at a crime scene does not make an individual an accomplice, nor is an individual an accomplice simply because he has knowledge about a crime and fails to disclose that knowledge. *Id.*

**Analysis**

Appellant contends he was entitled to an accomplice-witness instruction because Theurer admittedly tampered with evidence and assisted Henderson with burning Melson's belongings. Essentially, he argues that Theurer is an accomplice because she assisted Henderson, an accomplice as a matter of law, with concealing and destroying evidence. We are not persuaded by this argument.

Participation requires an affirmative act that promotes the commission of the offense with which the defendant is charged. *Id.* Simply having knowledge of the offense and not disclosing that information, or even trying to conceal that information, does not render a witness an accomplice. *Id.*; *McCallum v. State*, 311 S.W.3d 9, 13 (Tex. App.—San Antonio 2010, no pet.).

4

Additionally, as previously noted, mere presence at a crime scene does not make an individual an accomplice. *Cocke*, 201 S.W.3d at 748; *McCallum*, 311 S.W.3d at 13.

The evidence at trial showed that Theurer was home when Appellant brought Melson there on June 17. Theurer testified that she asked Appellant to leave, asked Henderson to make him leave, and attempted to call 911 for help when Appellant was beating Melson. Furthermore, Appellant's own testimony did not implicate Theurer as an accomplice. Appellant indicated that Theurer fabricated her testimony. While his testimony that Theurer argued with Melson and Henderson made an "incriminating" statement to him may imply that Henderson, and possibly Theurer, were responsible for Melson's death, Appellant denied any direct knowledge of Melson's kidnapping and murder. Simply put, there is no evidence that Theurer either participated in the kidnapping or murder of Melson or committed any affirmative act to promote commission of the offense. Rather, the evidence shows that Theurer attempted to stop the commission of the offense, but was thwarted by Henderson. Nor are Theurer's actions after Melson's death sufficient to make her a "blameworthy participant" in Melson's kidnapping. *See Cocke*, 201 S.W.3d at 748; *see also McCallum*, 311 S.W.3d at 13 (evidence insufficient to support accomplice witness instruction for defendant's stepson or wife); *Ex parte Stearnes*, 752 S.W.2d 621, 624 (Tex. App.—Amarillo 1988, no writ) (witness not an accomplice where she heard the proposed murders discussed, without disclosing the information, and was present at the scene of murders and concealed certain details in her statements to police).

Thus, we conclude that the evidence does not establish that Theurer was an accomplice as a matter of law or an accomplice as a matter of fact. *See Cocke*, 201 S.W.3d at 748. Therefore, we hold that the trial court did not err in failing to sua sponte give an accomplice witness instruction. *See id*. We overrule Appellant's only issue.

## CONCLUSION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered October 10, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 10, 2018

NO. 12-17-00326-CR

**ROBERT MOBLEY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 349th District Court

of Houston County, Texas (Tr.Ct.No. 16CR-058)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*