

IN THE
TENTH COURT OF APPEALS

No. 10-15-00022-CR

MICHAEL DWAYNE CLARK,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 54th District Court
McLennan County, Texas
Trial Court No. 2014-585-C2

MEMORANDUM OPINION

The jury convicted Michael Dwayne Clark of the offense of possession of a

controlled substance, heroin, and assessed punishment at fifteen years confinement. We

affirm.

**Background Facts**

Officer Jared Bonner, with the Lacy Lakeview Police Department, testified at trial

that while on patrol around 5:45 a.m. he observed a vehicle traveling at a high rate of

speed. Officer Barron observed that the vehicle's tail lights were not working, and he

initiated a traffic stop. The vehicle pulled over, but continued to "creep for a while" before coming to a complete stop. Officer Bonner approached the vehicle, and he noticed a "fairly good amount" of what he suspected to be marihuana on the driver's clothes. Michael Dewayne Clark was identified as the driver of the vehicle. Officer Bonner had Clark exit the vehicle, and he placed Clark in handcuffs while he waited for assistance and conducted an investigation.

Raven McQuirter was a passenger in the vehicle. Officer Bonner asked if there was anything illegal in the car, and McQuirter motioned toward the console area. Officer Bonner observed a clear cup containing a "green leafy substance" in the console area of the car. McQuirter removed a bag from her pants that contained what appeared to be marihuana. Inside the bag of marihuana, was a smaller plastic bag that contained heroin capsules and additional marihuana. Officer Bonner testified that when he told McQuirter the bag contained heroin capsules, she appeared to have no knowledge that there was heroin in the bag.

### Accomplice Instruction and Evidence

In the first issue, Clark argues that the trial court erred by failing to instruct the jury that Raven McQuirter was an accomplice as a matter of law. Appellate review of alleged jury-charge error involves a two-step process. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). Initially, the court must determine whether error actually exists in the charge. If error is found, the court must then evaluate whether sufficient harm resulted from the error to require reversal. *Id.* at 731-32.

The trial court instructed the jury as follows:

You are instructed that an "accomplice," as the term is here used, means anyone connected with the crime charged, as a party thereto and includes all persons who are connected with the crime by unlawful act or omission on their part transpiring either before or during the time of the commission of the offense, and whether or not they were present and participated in the commission of the crime. A person is criminally responsible as a party to an offense if the offense is committed by his or her own conduct, by the conduct of another for which he or she is criminally responsible, or by both. Mere presence alone, however, will not constitute one a party to an offense.

A person is criminally responsible for an offense committed by the conduct on (sic) another if, acting with intent to promote or assist the commission of the offense, he or she solicits, encourages, directs, or aids or attempts to aid the other person to commit the offense. The term "conduct" means any act or omission and its accompanying mental state.

You are further instructed that a conviction cannot be had upon the testimony of an accomplice unless the jury first believes that the accomplice's evidence is true and that it shows the defendant is guilty of the offense charged against him, and even then you cannot convict unless the accomplice's testimony is corroborated by other evidence tending to connect the defendant with the offense charged, and the corroboration is not sufficient if it merely shows the commission of the offense, but it must also tend to connect the defendant with its commission.

Now, if you believe from the evidence beyond a reasonable doubt that an offense was committed and you further believe from the evidence that the witness Raven McQuirter was an accomplice, or if you have a reasonable doubt as to whether she was or not, as that term is defined in the foregoing instructions, then you cannot convict the defendant upon the testimony of Raven McQuirter unless you first believe that the testimony of Raven McQuirter is true and that it shows the defendant is guilty as charged in the indictment; even then you cannot convict the defendant unless you further believe that there is other evidence in the case, outside the evidence of Raven McQuirter tending to connect the defendant with the commission of the offense charged in the indictment, and then from all the evidence you must believe beyond a reasonable doubt that the defendant is guilty.

Clark argues that Raven McQuirter was an accomplice as a matter of law and that

the trial court erred instructing the jury that they were required to determine whether she

was an accomplice as a matter of fact. A proper accomplice-witness instruction informs the jury either that a witness is an accomplice as a matter of law or that he is an accomplice as a matter of fact. *Zamora v. State*, 411 S.W.3d 504, 510 (Tex. Crim. App. 2013); *Cocke v. State*, 201 S.W.3d 744, 747 (Tex. Crim. App. 2006). The evidence in each case will dictate the type of accomplice-witness instruction that needs to be given, if any. *Zamora v. State*, 411 S.W.3d at 510.

A witness is an accomplice as a matter of law when the witness has been charged with the same offense as the defendant or a lesser-included offense, or "when the evidence clearly shows that the witness could have been so charged." *Id*. For accomplice witnesses as a matter of law, the trial court affirmatively instructs the jury that the witness is an accomplice and that his testimony must be corroborated. *Id*. When the evidence presented by the parties as to the witness's complicity is conflicting or inconclusive, then the accomplice-witness instruction asks the jury to (1) decide whether the witness is an accomplice as a matter of fact, and (2) apply the corroboration requirement, but only if it has first determined that the witness is an accomplice. *Id*.

Clark was indicted for intentionally or knowingly possessing heroin, but McQuirter was not charged with the offense. McQuirter testified that when they were pulled over by the police, Clark pulled a bag out of his pocket. McQuirter knew the bag contained marihuana, and she told Clark to give her the bag. McQuirter stated that she has never knowingly possessed heroin, and that she was "shocked" when Officer Bonner told her the bag also contained heroin. Officer Bonner also testified that McQuirter appeared to have no knowledge that the bag contained heroin.

An accomplice is a person who participates in the offense before, during, or after its commission with the requisite mental state. *Smith v. State*, 332 S.W.3d 425, 439 (Tex. Crim. App. 2011). A person is not an accomplice if the person knew about the offense and failed to disclose it or helped the accused conceal it. *Smith v. State*, 332 S.W.3d at 439. "When the evidence clearly shows (i.e., there is no doubt) that a witness is an accomplice as a matter of law, the trial judge must instruct the jury accordingly." *Id*. Because the evidence is inconclusive that McQuirter knowingly possessed heroin, we cannot say that the trial court erred instructing the jury to determine if McQuirter was an accomplice as a matter of fact, and to apply the corroboration requirement only if it determined that she was an accomplice. We overrule the first issue.

In the second issue, Clark argues that the evidence is insufficient to corroborate the accomplice's testimony. It cannot be determined from the record whether or not the jury found McQuirter to be an accomplice. However, we will address the sufficiency of the evidence to support corroboration.

Article 38.14 of the Code of Criminal Procedure provides that, "A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." TEX. CODE CRIM. PROC. ANN. 38.14 (West 2005). When reviewing the sufficiency of non-accomplice evidence under Article 38.14, we decide whether the inculpatory evidence tends to connect the accused to the commission of the offense. *Smith v. State*, 332 S.W.3d at 442. The direct or circumstantial non-accomplice evidence is sufficient corroboration

if it shows that rational jurors could have found that it sufficiently tended to connect the accused to the offense. *Id*. So when there are conflicting views of the evidence, we will defer to the factfinder's resolution of the evidence. *Id*. It is not appropriate for appellate courts to independently construe the non-accomplice evidence. *Id*.

Clark admitted to Officer Bonner that he was rolling a marihuana "blunt" while he was driving, and Officer Bonner observed marihuana on Clark's clothes. Clark further admitted to Officer Bonner that he had purchased the bag of marihuana that contained the heroin pills. Officer Bonner stated that McQuirter appeared to have no knowledge that the bag of marihuana also contained heroin. We find that, assuming the jury found McQuirter to be an accomplice, a rational jury could have found that the non-accomplice evidence sufficiently connected Clark to the offense. We overrule the second issue.

### Expert Testimony

In the third issue, Clark argues that the trial court abused its discretion by refusing to permit him to conduct a voir dire examination of the State's expert about the underlying facts and data supporting her opinion. The State called Lindsey Hatfield, a forensic scientist for the Texas Department of Public Safety, to testify concerning her testing and analysis of the heroin capsules in this case.

When the State was preparing to introduce Hatfield's report on her findings, Clark's trial attorney stated, "while we have no objection to Ms. Hatfield being recognized as an expert, before she testifies as to this particular test, I would like to take her on a brief short voir dire as to this test only." The trial court asked for what purpose, and trial counsel responded, "To inquire into maintenance, calibration, supporting

documents she may have to make sure that this test meets requirements of 702 and should actually come into evidence." The trial court overruled the request.

Clark argues on appeal that Rule 705 (b) requires the trial court to permit a voir dire examination. Rule 705 (b) in effect at the time of trial states that

> Prior to the expert giving the expert's opinion or disclosing the underlying facts or data, a party against whom the opinion is offered upon request in a criminal case shall, or in a civil case may, be permitted to conduct a voir dire examination directed to the underlying facts or data upon which the opinion is based. This examination shall be conducted out of the hearing of the jury.

TEX. R. EVID. 705 (b)[1]. At trial, Clark stated that the purpose of the voir dire was to insure that the test met the requirements of Rule 702 of the Texas Rules of Evidence. Clark did not request to voir dire the witness based upon Rule 705 (b) of the Texas Rules of Evidence. Clark has waived his complaint for appellate review. TEX.R.APP.P. 33.1 (a). Moreover, any error in denying the request was harmless. TEX.R.APP.P. 44.2 (b). Clark questioned Hatfield on cross-examination about the calibration and maintenance of the equipment. Hatfield stated that the machine does not require calibration and that she had performed maintenance on the machine during the time leading up to the examination of the evidence. We overrule the third issue.

AL SCOGGINS
Justice

---

[1] Tex. R. Evid. 705 (b) was amended effective April 1, 2015.

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
    (Chief Justice Gray concurring)
Affirmed
Opinion delivered and filed October 8, 2015
[CR25]

