

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00335-CR

Josiah David **LEWIS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR9616
Honorable Dick Alcala, Judge Presiding

Opinion by:      Sandee Bryan Marion, Chief Justice

Sitting:         Sandee Bryan Marion, Chief Justice
                 Rebeca C. Martinez, Justice
                 Irene Rios, Justice

Delivered and Filed: April 10, 2019

AFFIRMED

Josiah David Lewis was convicted by a jury of three counts of aggravated assault with a deadly weapon and three counts of failure to stop and render aid. On appeal, Lewis contends the trial court erred by: (1) admitting extraneous offense evidence; (2) denying his request for an instruction on accomplice witness testimony; (3) improperly responding to jury notes; and (4) submitting a jury charge that "made no sense." Lewis also contends the evidence is insufficient to prove he was the driver of the vehicle that struck the three complainants and to prove the vehicle was a deadly weapon. We affirm the trial court's judgment.

## BACKGROUND

In response to a complaint, police officers arrived at an apartment complex and instructed a group of people gathered at an apartment for a party to leave. After the police officers left, a group of people were gathered in front of another apartment occupied by one of the complainants, Edward Nicholas Huizar ("Nick"), to watch a fist-fight between some men. Some of the observers were standing in the street or driveway between the rows of apartment buildings. As the fight was ending, a vehicle sped down the street and hit three people: Nick, Meghan Nyang, and Nkiru Ijoma ("Nikki"). The vehicle did not stop. Two of the passengers in the vehicle, Kristal Nicole Jimenez and Gellyann Galarza, exited the vehicle when it stopped at a stop sign and immediately called 911 to report the incident. A description of the vehicle and the name of the driver were provided to the 911 dispatcher. Lewis was subsequently arrested and charged with three counts of aggravated assault with a deadly weapon and three counts of failure to stop and render aid. A jury found Lewis guilty of all of the offenses, and the trial court assessed an agreed sentence of two years' imprisonment. Lewis appeals.

## EXTRANEOUS OFFENSE

In his first issue, Lewis contends the trial court erred in overruling his objection to Galarza's testimony that Lewis offered her money or a vehicle to not testify or to falsely testify that he was not the driver. Citing rule 404(b) of the Texas Rules of Evidence, Lewis contends the testimony was inadmissible evidence of an extraneous offense. The State responds the evidence was admissible as evidence of consciousness of guilt or to prove identity.

Rule 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith; however, it may be admissible for other purposes, such as proof of motive or identity. TEX. R. EVID. 404(b). "A

trial court's ruling on the admissibility of extraneous offenses is reviewed under an abuse of discretion standard." *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009).

The trial court held a hearing outside the presence of the jury to rule on Lewis's objection to testimony by Galarza that Lewis offered her money or a vehicle in exchange for her not testifying or falsely testifying that he was not the driver. In response to Lewis's objection that the testimony was extraneous character evidence, the trial court asked whether identity was an issue in the case. Defense counsel responded, "I.D. is definitely an issue, but I don't see what that has to do with the extraneous." At the conclusion of the hearing, the trial court ruled the evidence was admissible and probative on the issue of identity and motive.

In his brief, Lewis argues the trial court erred in admitting the testimony because identity "was not an issue at the time the objection was lodged." This argument, however, is contrary to defense counsel's concession that identity was an issue. In addition, before the State called Galarza to testify, the three complainants and another person present at the scene testified, and each witness admitted on cross-examination that he or she never saw the driver and did not know who the driver was. The issue of identity can be raised by defense cross-examination of the State's witnesses. *Page v. State*, 137 S.W.3d 75, 78 (Tex. Crim. App. 2004); *Lane v. State*, 933 S.W.2d 504, 519 (Tex. Crim. App. 1996). Furthermore, as the State notes, extraneous offense evidence of efforts to influence or affect a witness's testimony is admissible to show a defendant's consciousness of guilt. *See Gonzalez v. State*, 117 S.W.3d 831, 842 (Tex. Crim. App. 2003) *Johnson v. State*, 425 S.W.3d 344, 346 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd); *Burks v. State*, 227 S.W.3d 138, 148 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd); *Greene v. State*, 928 S.W.2d 119, 123 (Tex. App.—San Antonio 1996, no pet.); *see also Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011) (noting trial court's evidentiary ruling will be upheld on appeal if the ruling is correct

under any theory of law applicable to that ruling).  Accordingly, the trial court did not abuse its discretion in admitting the testimony, and Lewis's first issue is overruled.

**ACCOMPLICE WITNESS INSTRUCTION**

In his second issue, Lewis contends Jimenez and Galarza were accomplices-in-fact, and the trial court erred in denying his request for an accomplice witness instruction with regard to their testimony.

"Our first duty in analyzing a jury-charge issue is to decide whether error exists." *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005).  "Then, if we find error, we analyze that error for harm." *Id*.

"An accomplice is an individual who participates with a defendant before, during, or after the commission of the crime and acts with the requisite culpable mental state." *Cocke v. State*, 201 S.W.3d 744, 748 (Tex. Crim. App. 2006).  "Participation requires an affirmative act that promotes the commission of the offense with which the defendant is charged." *Id*.  "Mere presence at a crime scene does not make an individual an accomplice, nor is an individual an accomplice merely because he has knowledge about a crime and fails to disclose that knowledge." *Id*.

In his brief, Lewis relies on the following evidence to assert Galarza and Jimenez were accomplices-in-fact: (1) Galarza illegally sold Xanax pills at the time of the incident; (2) both Jimenez and Galarza were illegally smoking marijuana on the night of the incident; (3) both Jimenez and Galarza were in the car when the offenses occurred; (4) both Jimenez and Galarza quickly exited the car and fled the scene; and (5) Jimenez and Galarza were listed as suspects in a police report.  None of the foregoing, however, is any evidence that Jimenez or Galarza engaged in an affirmative act to promote Lewis's commission of the offenses.  *Id*.  Instead, the evidence only establishes their presence at the scene which is insufficient to make either of them an accomplice.  *Id*.  Lewis's second issue is overruled.

**JURY NOTES**

In his third issue, Lewis contends the trial court erroneously responded to notes sent by the jury. To preserve error for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion. TEX. R. APP. P. 33.1. Here, the record does not show any objection was made to the trial court's responses to the jury's notes. Accordingly, Lewis did not preserve his third issue for our review. *See Green v. State*, 912 S.W.2d 189, 192 (Tex. Crim. App. 1995).

**JURY CHARGE APPLICATION PARAGRAPHS**

In his fourth issue, Lewis complains of the following application paragraphs in the jury charge:

X.

Now, if you unanimously find from the evidence beyond a reasonable doubt that on or about the 8th Day of June, 2013, in Bexar County, Texas, the defendant, Josiah Lewis, did drive a vehicle that became involved in an accident that resulted in injury to Edward Huizar, and Josiah Lewis, knowing said accident had occurred, intentionally or knowingly failed to remain at the scene of the accident and immediately determine **whether Edward Huizar failed to provide Edward Huizar with reasonable assistance**, when it was apparent that treatment was necessary, then you will find the defendant guilty of failure to stop and render aid as charged in Count IV of the indictment.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant not guilty in Count IV of the indictment.

XI.

Now, if you unanimously find from the evidence beyond a reasonable doubt that on or about the 8th Day of June, 2013, in Bexar County, Texas, the defendant, Josiah Lewis, did drive a vehicle that became involved in an accident that resulted in injury to Nikki Ijoma, and Josiah Lewis, knowing said accident had occurred, intentionally or knowingly failed to remain at the scene of the accident and immediately determine **whether Nikki Ijoma[1] failed to provide Nikki Ijoma with reasonable assistance**, when it was apparent that treatment was necessary, then you will find the defendant guilty of failure to stop and render aid as charged in Count V of the indictment.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant not guilty in Count V of the indictment.

---

[1] Nikki Ijoma was interlineated in handwriting over the name Edward Huizar in the typewritten charge.

XII.

Now, if you unanimously find from the evidence beyond a reasonable doubt that on or about the 8th Day of June, 2013, in Bexar County, Texas, the defendant, Josiah Lewis, did drive a vehicle that became involved in an accident that resulted in injury to Meghan Inyang, and Josiah Lewis, knowing said accident had occurred, intentionally or knowingly failed to remain at the scene of the accident and immediately determine **whether Meghan Inyang[2] failed to provide Meghan Inyang with reasonable assistance**, when it was apparent that treatment was necessary, then you will find the defendant guilty of failure to stop and render aid as charged in Count V of the indictment.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant not guilty in Count V of the indictment.

(emphasis added).

Lewis contends the foregoing application paragraphs, which related to the failure to stop and render aid offenses, "make absolutely no sense" and resulted in egregious harm. Lewis asserts the underlined language in each of the application paragraphs made it appear "that each complainant needed to check on themselves to determine if help was needed." Therefore, Lewis contends the charge "did not set out what [Lewis] failed to do, and what he should have done, according to the statute."

As previously noted, "[o]ur first duty in analyzing a jury-charge issue is to decide whether error exists." *Ngo*, 175 S.W.3d at 743. For purposes of this opinion, we will assume the obvious omission of key words from the application paragraphs of the charge was error.

Because we assume the charge contained error, we must next "analyze that error for harm." *Id*. Because no objection was made to this portion of the charge, we will not reverse "unless the record shows 'egregious harm' to [Lewis]." *Id*. "Jury charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *Arteaga v. State*, 521 S.W.3d 329, 338 (Tex. Crim. App. 2017). In analyzing whether egregious harm has occurred, we consider the entire record, including: (1) the entire jury

---

[2] Meghan Inyang was interlineated in handwriting over the name Edward Huizar in the typewritten charge.

charge; (2) the state of the evidence, including contested issues and the weight of the probative evidence; (3) the closing arguments; and (4) any other relevant information revealed by the trial record. *Id.*; *Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006).

Here, the abstract portion of the jury charge correctly instructed the jury on the law governing the offense of failure to stop and render aid as follows:

> Our law provides that the operator of a vehicle involved in an accident that results in injury or is reasonably likely to result in injury to a person shall immediately determine whether a person is involved in the accident and if the person is involved in the accident, whether that person requires aid and remain at the scene of the accident until the operator provides any person injured in the accident reasonable assistance, including transporting or making arrangements for transporting the person to a physician or hospital for medical treatment if it is apparent that treatment is necessary or if the injured person requests transportation.

The evidence at trial was undisputed that a vehicle struck and injured Nick, Meghan, and Nikki, and the only contested issue was whether Lewis was the driver. Defense counsel's closing argument focused on challenging Jimenez's and Galarza's credibility in identifying Lewis as the driver and on criticizing the investigation of the incident. The State's closing argument focused on bolstering Jimenez and Galarza's credibility, asserting, "the only thing at issue is the identity of the driver." Given that the jury could compare the application paragraphs of the charge with the abstract portion of the charge which correctly stated the law and given that the only disputed issue was whether Lewis was the driver of the vehicle that struck and injured the complainants, we hold any error in the application paragraphs of the charge was not egregiously harmful. Lewis's fourth issue is overruled.

### SUFFICIENCY OF THE EVIDENCE

In his fifth and sixth issues, Lewis contends the evidence is insufficient to prove he was the driver of the vehicle and that the vehicle was a deadly weapon.

"When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Zuniga v. State*, 551 S.W.3d 729, 732 (Tex. Crim. App. 2018) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "[T]he jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony." *Id*. "In performing our sufficiency review, we may not re-evaluate the weight and credibility of the evidence or substitute our judgment for that of the fact finder." *Bohannan v. State*, 546 S.W.3d 166, 178 (Tex. Crim. App. 2017).

In his brief, Lewis argues the evidence is insufficient to prove he was the driver of the vehicle by challenging the credibility of Jimenez's and Galarza's testimony identifying him as the driver. As previously noted, however, the jury is the sole judge of the credibility of the witnesses. *Zuniga*, 551 S.W.3d at 732. Because the jury could have believed their testimony, the evidence is legally sufficient to prove Lewis was the driver.

Lewis also argues the evidence did not establish the vehicle was a deadly weapon. The term "deadly weapon" means "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury," and "serious bodily injury" includes bodily injury that creates "protracted loss or impairment of the function of any bodily member or organ." TEX. PENAL CODE ANN. § 1.07(a)(17), (46). In this case, Jimenez testified Lewis said "watch this" before speeding toward the crowd causing bodies to fly. Galarza testified Lewis pressed on the gas and shot through the crowd. Another witness testified the driver "stepped on the gas really quick," and she saw the car "hauling gas into a crowd of people" causing two girls to fly into the air. The lead detective testified he determined the vehicle was used as a deadly weapon because a car being used to hit a person is capable of causing serious bodily injury or death. Finally, Nick testified that as a result of his injuries, he has a hard time remembering things, his speech is not

the same, and normal, daily tasks are more difficult for him to do. The foregoing evidence is sufficient to prove Lewis's vehicle was a deadly weapon.

Lewis's fifth and sixth issues are overruled.

## CONCLUSION

The judgment of the trial court is affirmed.

Sandee Bryan Marion, Chief Justice

DO NOT PUBLISH